IN THE

# Supreme Court

OF THE

# STATE OF LOUISIANA.

**EASTERN DISTRICT...APRIL TERM, 1830.**

### BUQUET vs. WATKINS.

A demand for conpensation, in consequence of slander, is not contrary to, and does not exclude a demand for damages for false imprisonment.

The law makes the justice of the peace the judge of what constitutes a contempt of his authority, and the correctness of his decision cannot be examined collaterally in a civil suit.

A judge is not answerable *civiliter* for an error in judgment, so long as he acts within his jurisdiction.

APPEAL from the court of the second district, the judge of the third presiding.

The petition stated that the defendant had charged the plaintiff and his wife with having stolen from him certain smoothing irons, in consequence of which slander, he had sustained damage to the amount of one thousand dol-

lars; and further, that the defendant, assisted by one Claiborne Watkins, had wantonly and unjustifiably imprisoned the plaintiff, in the stocks, for which last injury he claimed as damages the further sum of two thousand dollars.

The defendant excepted to the petition on the ground that the plaintiff had cumulated two separate and distinct causes of action against him, to wit, an action of damages for slander, and also an action of damages for false imprisonment.

This exception was overruled by the court, and the defendant, in his answer to the merits, denied that he had accused the plaintiff of being a thief; but admitted that, while sitting and acting as a justice of the peace, he had, by virtue of his authority as such, granted a commitment for the space of two hours for a contempt of court, which was executed by the constable's confining the plaintiff in the stocks, there being no sufficient jail in the parish.

At the trial, the plaintiff offered evidence to prove that his conduct before the defendant, on the day of his imprisonment, was decorous, and that he was guilty of no contempt. This evidence was objected to by the defendant, on the ground that magistrates were by law the

exclusive judges of what constitutes a con- <span style="float:right">Eastern District<br>*April*, 1830.</span>
tempt of their authority. The court over-
ruled the exception, and permitted the evidence <span style="float:right">BUQUET<br>*vs.*<br>WATKINS.</span>
to go to the jury. They found a verdict for
the plaintiff, and assessed his damages at one
thousand dollars. The defendant appealed.

*Nicholls*, for the appellant.

*Porter*, for the appellee, contended 1st, that
there was no error in the finding of the jury.

2. There is no error in the judgment of the
court, the same being supported by the verdict,
and the evidence which was submitted to the
jury.

3. The plaintiff is entitled to damages, the
appeal being taken for delay.

PORTER, J. delivered the opinion of the
court. Two causes of action are united in
the petition in this case, one an allegation
that the plaintiff sustained injury by the de-
fendant, falsely and maliciously stating that
the plaintiff and his wife had stolen smooth-
ing irons.

The other, falsely imprisoning him in the
stocks, although the petitioner had been guil-
ty of no crime or misdemeanor to warrant
such an outrage on his person. By reason

Eastern District.
*April*, 1830.

Buquet
*vs.*
Watkins.

of both these injuries, damages are alleged *to* be sustained to the amount of three thousand dollars.

The defendant excepted to the petition, on the ground that causes of action incompatible with each other, were joined in it. The court overruled the exception, and did not err in doing so. The *Code of Practice*, art. 151, contemplates the combining in the same action, different matters, unless they be contrary to, or exclusive of each other. We see nothing in the claims set up in the *petition* which could produce such effect. A demand for compensation in consequence of slander, is not contrary to, and does not exclude a demand for damages sustained by false imprisonment.

A demand for compensation in consequence of slander, is not contrary to, and does not exclude a demand for damages sustained by false imprisonment.

The defendant pleaded, *first*, a denial that he had ever accused the plaintiff of being a thief.

*Second*, That while acting and sitting as a justice of the peace, the plaintiff was guilty of contemptuous conduct towards him; and that, in consequence thereof, the defendant, in virtue of his authority as justice of the peace, did grant a commitment, by which the constable was directed to imprison the plain-

tiff for the space of two hours in the jail, or
stocks, there being no jail in the parish.

The jury found a verdict for the plaintiff,
and assessed his damages at one thousand dollars. The defendant moved for a new trial, which was refused, and he appealed.

Our attention has been principally drawn in this court, to the legality of the order by which the justice committed the plaintiff to the stocks for a contempt of his authority Admitting it, however, to be such an act, as deprives the officer of the defence which arises out of his judicial character, so long as he is acting within the jurisdiction confided to him, we are still compelled to examine a bill of exceptions which is found on record.

The plaintiff offered evidence to prove that his conduct was decorous before the justice, and that he was guilty of no contempt. To this testimony the defendant objected, but without success. The court admitted it, and he took a bill of exceptions.

Whether there was a contempt of court or not, is a question of which the law makes the justice of the peace the judge, and the correctness of his decision cannot be examined collaterally in a civil suit.

In going into this inquiry, we think the judge erred. By the 1154 article of the Code of Practice, a justice of the peace may punish for a contempt of his authority by an imprisonment not exceeding twenty-four hours. Now

BUQUET
*vs.*
WATKINS.

whether there was a contempt or not, is a question of which the law makes the justice of the peace the judge, as much so, as whether or not a plaintiff proves the debt in which the justice condemns the defendant, and the correctness of his decision cannot be examined collaterally in a civil suit.

A judge is not answerable *civiliter* for an error in judgment, so long as he acts within his jurisdiction.

There is another ground, on which the evidence was improperly admitted. A judge is not answerable *civiliter*, for an error in judgment, so long as he acts within his jurisdiction. And that he had jurisdiction in relation to contempts is not denied. See 5 *Johnson*, 282. 9 *ibid*, 394. 2 *Bay Reports.* 1 *Day's cases in error*, 315. 1 *Lord Raymond's Reports*, 454. 10 *Coke*, 68. 2 *n. s.* 649.

Reserving, therefore, the question, whether the defendant, by ordering the plaintiff into the stocks, in a parish where there was no jail to confine him, so acted out of his jurisdiction as to make him responsible in damages to the plaintiff, we are of opinion that the inquiry into the existence of the contempt, was erroneously gone into, and as we do not know what effect it may have had on the minds of the jury when they appear to have given

heavy damages, we think the case should be remanded.

It is therefore ordered, adjudged, and decreed, that the judgment of the district court be annulled, avoided and reversed, and *it is further* ordered, adjudged and decreed, thatthe cause be remanded for a new trial, the appellee paying the costs of the appeal.