## No. 9272.
### DIEGO ESTOPINAL vs. M. A. PEYROUX AND F. M. DAUTRIVE.

In a suit for damages against a justice of the peace, the petition which charges that the magistrate rendered a judgment beyond the scope of his authority or jurisdiction, based on malicious and oppressive motives, is not amenable to the exception of no cause of action.

In order to claim immunity from an action in damages for error in judgment, the justice of the peace must not only show that he had jurisdiction of the matter in which he rendered judgment, but also that he acted within his jurisdiction.

APPEAL from the Twenty-fourth District Court, Parish of St. Bernard. *Livaudais*, J.

*R. T. Beauregard* and *Jno. S. Tully* for Plaintiff and Appellant.
*P. O. Peyroux* for Defendant and Appellee.

The opinion of the Court was delivered by

POCHÉ, J.  Plaintiff appeals from a judgment which maintained an exception of no cause of action, interposed by the Defendant Peyroux

to his suit for $5000 damages against the defendants for an alleged malicious prosecution.

His petition charges, substantially, that on the affidavit of the defendant Dautrive, he was arrested on a charge of trespass, under sec. 818 of the Revised Statutes, and brought before the defendant, Peyroux, a justice of the peace in the parish of St. Bernard, to answer to said complaint; and that his trial thereon resulted in the following judgment: "State of Louisiana vs. Diego Estopinal. You are hereby commanded to leave the premises occupied by you as trespasser within three days from the service of this notice. And herein fail not under penalty of law."

He charges that the nature of the judgment thus rendered against him in said criminal prosecution is beyond the power vested by the Constitution and laws of the State in the defendant justice of the peace; that it was prompted by malicious and arbitrary motives, and that it caused him the damages which he claims.

The ground of the exception is that the justice of the peace is not answerable in damages for an erroneous judgment rendered in a matter within his jurisdiction.

The rule, as settled in our jurisprudence, is, that in order to claim immunity for errors growing out of his official acts and judicial functions, a justice of the peace must not only show that he had jurisdiction of the matter brought before him, but also that he acted in the premises within the limits of his judicial authority and of his jurisdicdiction. 2 N. S., Dressen vs. Cox; 1 La. 131, Buquet vs. Watkins; 13. Ann. 281, Maguin vs. Hughes.

Thus, it has been held that a justice of the peace who had rendered a final judgment in a criminal prosecution, over which he had no jurisdiction but as a committing magistrate, was answerable in damages for the judgment thus rendered beyond the scope of his jurisdiction. Bore vs. Bush, 6 N. S. 1.

In that case the Court said: "The justice of the peace was not protected by his plea of error in judgment, for he was not acting within his jurisdiction."

This is precisely the nature of the charge made against the defendant justice of the peace in the allegations of plaintiff's petition, which for the purposes of this discussion must be taken as true.

Tested under this rule, the petition does disclose a cause of action against the exceptor, hence there is error in the judgment which held otherwise.

It is therefore ordered and decreed that the judgment appealed from be annulled, avoided and reversed; that the exception interposed by the defendant Peyroux be overruled, and that this case be remanded to the lower court to be there proceeded with according to law and to the views herein expressed; costs of this appeal and of the exception to be paid by the defendant Peyroux; other costs to abide the final determination of the case.