380 So.2d 105 (1979)
Mrs. Candice Lee CLEVELAND et al.
v.
The STATE of Louisiana et al.
No. 12964.
Court of Appeal of Louisiana, First Circuit.
December 27, 1979.
*106 L. Wayne Paxton, Baton Rouge, counsel for plaintiff-appellant Mrs. Candice Lee Cleveland, Indiv., Etc.
William J. Guste, Jr., Atty. Gen., John DiGuilio, Staff Atty., Baton Rouge, counsel for defendants-appellees State of Louisiana thru Department of Corrections, and Kaliste Saloom, Jr.
William H. Whitaker, Lafayette, counsel for defendant-appellee Dalton Prejean.
Before EDWARDS, LEAR and SARTAIN, JJ.
EDWARDS, Judge.
Mrs. Candice Lee Cleveland, plaintiff-appellant, filed suit against the State of Louisiana through the Department of Corrections, Judge Kaliste J. Saloom, Jr., and Dalton Prejean, Jr. She sought damages for the wrongful death of her husband, a Louisiana State Police Trooper who was murdered by Prejean, a former inmate of the Louisiana Training Institute. Exceptions of no cause of action were maintained in favor of the State and Judge Saloom and the suit was dismissed as to them. Mrs. Cleveland appeals the dismissal. We affirm.
Mrs. Cleveland alleged that Dalton Prejean, an admitted murderer, was released from the Louisiana Training Institute by Judge Saloom pursuant to an improper and predetermined plan which was totally beyond his jurisdiction. She claimed that both Judge Saloom and the Department of Corrections knew of Prejean's murderous tendencies and that he should not have been released. She urges that both Judge Saloom and the Department of Corrections were negligent and should be cast in judgment. We cannot agree with these contentions.
*107 Judge Saloom is protected from liability by the doctrine of judicial immunity which holds that a judge may not be cast in damages for his errors unless he has acted outside his judicial capacity. Killeen v. Boland Gschwind Co., 157 La. 566, 102 So. 672 (1924). Even when the judge has technically acted outside his jurisdiction and contrary to law, he will remain protected unless his actions were based on malice or corruption. Conques v. Hardy, 337 So.2d 627 (La.App.3rd Cir. 1976); Berry v. Bass, 157 La. 81, 102 So. 76 (1924); State ex rel. Duffard v. Whitaker, 45 La.Ann. 1299, 14 So. 66 (1893).
The Louisiana jurisprudence on judicial immunity mirrors a federal doctrine of similar breadth. Stump v. Sparkman, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967).
LSA-C.J.P. Art. 86 provides in part:
"A. The court should impose the least restrictive disposition which the court finds is consistent with the circumstances of the case, the needs of the child, and the best interest of society."
See also former LSA-R.S. 13:1580.
Thus, the Louisiana legislature has given trial judges the widest possible discretion in dealings with juveniles. Predetermined results may be wise or unwise choices but they are certainly within the trial court's jurisdiction. We find that the trial court properly found no cause of action against Judge Saloom.
LSA-R.S. 15:906 provides in part that:
"The Department of Corrections may recommend to the committing court the release of any juvenile committed to its care, who, in the opinion of the department, is ready to be returned to his own home, or to a substitute home. Such juvenile may be discharged by the court without supervision or may be placed under supervision until further orders of the court.
It is hereby declared to be the public policy of this state that commitment of a juvenile to the care of the Department of Corrections is not punitive nor in anywise to be construed as a penal sentence, but as a step in the total treatment process toward rehabilitation of the juvenile and that, therefore, the recommendations of the department should be given careful consideration by the court in determining what is to the best interest of the juvenile." (Emphasis added).
This statute does not give the Department of Corrections any authority over the disposition of cases involving juveniles. It merely permits the Department to make recommendations and states that if such recommendations have been made, the juvenile court should carefully consider them. Full dispositional authority is retained by the court. LSA-C.J.P. Arts. 83-86; former LSA-R.S. 13:1580.
Therefore, the Department of Corrections had no authority over the release of Dalton Prejean, Jr., and cannot be held legally accountable for his actions. The trial court properly found no cause of action against the State through the Department of Corrections.
Even if we were to find a cause of action against the defendants, plaintiff could not hope to recover. Dalton Prejean was released from custody six months prior to his July 2, 1977, murder of Donald Cleveland. This remoteness in time precludes finding any causal connection between the acts of Judge Saloom and the Department of Corrections and the offense of Prejean. Frank v. Pitre, 353 So.2d 1293 (La.App. 1977).
For the foregoing reasons, the trial court judgment will be affirmed.
All costs of these proceedings, both trial and appellate, are to be paid by Mrs. Candice Lee Cleveland.
AFFIRMED.