CHEHARDY, Judge.
Plaintiff Honora F. Gravois appeals a district court decision in favor of defendant Louis Ockmond and against the plaintiff, sustaining that defendant’s exception of no cause of action and dismissing the plaintiff’s suit as to Ockmond at plaintiff’s costs.
Gravois alleges in his petition that defendants Ockmond and Mildred O. Landry maliciously and without probable cause instituted criminal proceedings against the plaintiff, causing him to be falsely arrested, imprisoned and defamed. He further avers that at 9 p. m. on Sunday, September 24, 1978, he was arrested at his home for the purported misdemeanor offense of “criminal damage to property,” and said arrest was made pursuant to an arrest warrant issued by Ockmond, a justice of the peace.
The petition also states that the warrant was purportedly supported by an affidavit signed by the other defendant, Mildred 0. Landry, citing the plaintiff for destroying property by “knocking down mail box and paper box, post, breaking it with a cement truck.”
The petition further alleged the defendants knew that the incident complained of was caused by someone else; that if the defendant Ockmond did not know of the falsity of the affidavit he should have known and, accordingly, the arrest warrant was not supported by probable cause; and that Ockmond acted in “bad faith” and with “ill will” toward the plaintiff due to a grudge he carried against the plaintiff regarding nonpayment of a debt Ockmond owed Gravois and regarding an argument over the incident which was complained of by defendant Landry.
Explaining the peremptory exception raising the objection of no cause of action, *401 the court said in Bamber Contractors, Inc. v. Henderson Bros., Inc., 345 So.2d 1212 (La.App. 1st Cir. 1977), at 1214:
“The peremptory exception raising the objection of no cause of action is utilized to raise the question of whether the plaintiff’s petition alleges a particular grievance for which the law affords a remedy to anyone. La.-C.C.P. art. 927(4); Hero Lands Company v. Texaco, Inc., 310 So.2d 93 (La.1975); American Bank & Trust Company v. French, 226 So.2d 580 (La.App. 1st Cir. 1969); McMahon, ‘Parties Litigant in Louisiana,’ 11 Tulane L.Rev. 527 (1937).
“The well-pleaded facts of the petition are accepted as true for the adjudication of the peremptory exception raising the objection of no cause of action; all doubts are resolved in favor of the sufficiency of the petition. American Bank & Trust Company v. French, supra; Bielkiewicz v. Rudisill, 201 So.2d 136 (La.App. 3rd Cir. 1967).
“No evidence is admissible at any time to support or defeat the peremptory exception raising the objection of no cause of action. La.-C.C.P. art. 931; American Creosote Company v. Springer, 257 La. 116, 241 So.2d 510 (La.1970); American Bank & Trust Company v. French, supra.”
(Emphasis ours.)
Addressing the issue of judicial immunity the court said in Conques v. Hardy, 337 So.2d 627 (La.App. 3d Cir. 1976), at 629-631:
“ * * * Plaintiff’s principal argument against immunity for Justice of the Peace Hardy is that he was acting beyond his jurisdiction when he issued the warrant of arrest for young Conques. In plaintiff’s earlier suit against the sheriff of St. Martin Parish (Conques v. Fuselier, supra), we said: ‘Justice of the Peace Hardy improperly issued a warrant for young Conques’ arrest without jurisdiction over the minor. . . . ’ Our authority for this conclusion is LSA-R.S. 13:1569 and 13:1570, which exclude justices of the peace from the enumeration of courts and judges having jurisdiction over juveniles. We noted, however, that Article 931 of our Code of Criminal Procedure authorizes the issuance of warrants by justices of the peace. The question is, was defendant’s act of issuing a warrant for Edward Conques’ arrest an act so far beyond his general warrant authority as to make him liable for resultant damages? In our opinion, it was not.
“We believe the definitive case on an inferior magistrate’s liability for damages resulting from acts exceeding his jurisdiction is Berry v. Bass, 157 La. 81, 102 So. 76 (1924). In that case, the sheriff and mayor were sued for false arrest and false imprisonment. The court disposed of the false arrest charge by holding that there simply was no arrest. The court then held that the magistrate-mayor had exceeded his jurisdiction by imprisoning plaintiff instead of giving him the right to pay a fine. The court explained:
‘But in one sense the mayor exceeded his jurisdiction; that is to say, he imposed a penalty unauthorized by the ordinance, and therefore in excess of his powers. But it is none the less true that in imposing that sentence he was acting judicially and without malice.’
An exhaustive discussion of previous jurisprudence on the point of liability of judges and justices of the peace for acts in excess of their jurisdiction followed. Justice St. Paul, writing for the Berry court, summarized prior jurisprudence this way: ‘In all of the foregoing (cases) it will be observed that our court has laid no special stress upon any distinction between inferior magistrates and judges of superior jurisdiction . . .; but the cause of action (against the judges) has been laid principally upon malice and corruption. It is true it was twice laid on want of jurisdiction, Bore v. Bush, 6 Mart.(N.S.) 1, and Lafon v. Dufrocq, et al., 9 La.Ann. 350; but in Buquet v. Watkins, 1 La. 131, the court (Porter, J.) was not prepared to say that the mere imposition (in good faith) of a penalty beyond that provided for by law was such acting out of the jurisdiction of the court as to authorize the infliction of damages . . . . ’
*402 “According to the Berry court, the trend was to hold inferior magistrates, including justices of the peace, to the same accountability in the exercise of their functions as the judges of superior courts. In the opinion, malice is recognized as an element of an action against the magistrate who has exceeded his jurisdiction by imprisoning a defendant. The court explained:
‘Where they (i.e., judges) have exercised their function in good faith, without malice and corruption, they should not be held liable for errors of judgment, even in respect to the extent of their jurisdiction, or of their powers under the laws which they are called upon to enforce.’
“Plaintiffs do not even allege in their petition that defendant acted maliciously or in bad faith in exceeding his jurisdiction. The trial judge states in his written narrative that defendant was in good faith and was free of malice or corruption. Therefore, according to the rule of Berry, defendant is immune from liability.
“Plaintiff would distinguish Berry from the instant case on the grounds that it does not deal with a false arrest but instead with a false imprisonment. The rule of law of Berry is a general one, which applies to both arrests and imprisonments. In fact, the rule appears to be one of general application to all cases where judges in good faith and without malice exceed their jurisdiction. The Berry opinion recognizes that the determination of jurisdiction is a judicial duty, and that an honest good faith error in such a determination is within the rule of immunity of judges from damages resulting from acts performed in their judicial capacity.
“We conclude, therefore, that judicial immunity will protect defendant from his honest error of judgment in this case.
“We feel that this is an appropriate occasion to recall the purpose of judicial immunity. Prosser justifies the rules’ existence with this explanation:
‘Even though a cynic might be forgiven for pointing out just who made this rule, the reason is of course not a desire to protect the corrupt, malicious, misbehaving official, but rather the necessity of preserving an independent judiciary who will not be deterred by the fear of vexatious suits and personal liability, together with the manifest unfairness of placing any man in a position where his judgment is required, and at the same time, holding him responsible according to the judgment of others. Prosser, Law of Torts, 4th Ed. 1971, 1987-88.’
“The United States Supreme Court echoed the same sentiment in Pierson v. Ray, 386 U.S. 547, 554, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967).”
As noted in Bamber Contractors, Inc., supra, as well as in Lucas v. Ludwig, 265 So.2d 245 (La.App. 4th Cir. 1972), for purposes of an exception of no cause of action, all factual allegations of a petition must be taken as true. The petition in the present case alleges that Ockmond acted in bad faith and with ill will toward the plaintiff due to a grudge regarding a debt between the two parties and a prior argument. The petition also states that the defendants acted maliciously and without “probable cause.” However, there is no allegation that Ockmond was acting outside his jurisdiction. Plaintiff, to allege a cause of action against this defendant, must show not only malice or corruption but that defendant was acting beyond his jurisdiction. Under our interpretation of Conques, supra; Berry v. Bass, 157 La. 81, 102 So. 76 (1924); and Cleveland v. State, 380 So.2d 105 (La.App. 1st Cir. 1979), the factual allegations of the plaintiff’s petition, therefore, if taken as true, do not state a cause of action and, accordingly, dismissal of the suit on the exception of no cause of action was proper.
For the reasons assigned, the district court decision is affirmed.
AFFIRMED.