541 So.2d 378 (1989)
Eloise MOORE, Individually and on Behalf of her Minor Child, Dionce Thomas, Plaintiff/Appellant,
v.
Terrance TAYLOR, et al., Defendant/Appellee.
No. 20438-CA.
Court of Appeal of Louisiana, Second Circuit.
March 29, 1989.
*379 North Louisiana Legal Assistance Corp. by Margarett Hunter Tucker, Tallulah, for plaintiff/appellant.
William J. Guste, Jr., Atty. Gen. Dept. of Justice by David G. Sanders, Asst. Atty. Gen., Baton Rouge, for Arthur Johnson, defendant/appellee.
Before HALL, NORRIS and LINDSAY, JJ.
HALL, Chief Judge.
Plaintiff, Eloise Moore, individually, and on behalf of her minor son, Dionce Thomas, *380 filed suit against Terrance Taylor, the Tensas Parish School Board, Howard Jackson, principal of Waterproof High School, and Arthur Johnson, Justice of the Peace, Ward 3, Tensas Parish, for damages allegedly resulting from Taylor's attacks on plaintiff and her son, and Johnson's actions in refusing to issue a peace bond or arrest warrant for Taylor and in issuing a warrant for plaintiff's arrest. Plaintiff alleged violation of their civil rights under the provisions of U.S. Const.Amend. XIV, § 1, 42 U.S.C. § 1983, and LSA-La. Const. Art. 1, § 3 and § 5. Johnson filed an exception of no cause of action alleging that plaintiff's action against him was barred by the doctrine of absolute immunity for judges acting in their judicial capacity. The trial court sustained the exception and dismissed Johnson as a defendant. Plaintiff appealed.
The primary issue to be decided on appeal is whether a justice of the peace is entitled to absolute judicial immunity for damages allegedly resulting from his decision on whether or not to issue a peace bond or arrest warrant when the plaintiff alleged in her petition that his actions were based on malice and/or corruption. Finding that Johnson is entitled to absolute judicial immunity, we affirm the judgment of the trial court.

I.
On July 1, 1986, plaintiff filed a petition in district court alleging the following facts:
On April 12, 1985, at approximately 2:45 p.m., Terrance Taylor, a 19 year old student at Waterproof High School, assaulted and battered plaintiff's minor son causing injuries to him. Plaintiff went to Lisbon Elementary School, where Justice of the Peace Johnson was employed as a teacher, to obtain a peace bond and warrant for Taylor's arrest. Johnson would not issue the bond or the warrant. Johnson stated that he could not go over the head of Howard Jackson, principal of Waterproof High School.
Plaintiff went back to Waterproof High School to talk to Howard Jackson. After Jackson refused to file charges against Taylor plaintiff again contacted Johnson at Lisbon Elementary School about the warrant. He stated that he would think about it for an hour. Plaintiff went to Johnson's residence an hour later, and he refused plaintiff's request for the peace bond and arrest warrant. Johnson stated, "I do not like you or your family."
Later the same day Taylor attacked plaintiff with a board and injured plaintiff's arm. Plaintiff threw a knife at Taylor to defend herself.
The next day plaintiff again asked for a warrant for Taylor's arrest. Johnson denied plaintiff's request stating he was "through with the whole damn thing." Johnson then went to Taylor's home and conspired to cause a warrant to be issued for plaintiff's arrest. Plaintiff was arrested without probable cause. The charges were subsequently dismissed.

II.
Plaintiff contends that the trial court erred when it maintained Johnson's exception of no cause of action. She argues that the facts alleged, if accepted as true, show that Johnson's acts in refusing to issue the peace bond and arrest warrant for Taylor and in issuing the warrant for her arrest were malicious and/or corrupt conduct. She argues that Johnson acted outside his judicial capacity since his decisions to not issue the peace bond or warrant for Taylor's arrest and to issue the warrant for her arrest were motivated by his employment as a teacher in the school system. For these reasons, it is argued, Johnson is not entitled to judicial immunity.

III.
In determining the validity of an exception of no cause of action, all well-pleaded allegations of fact by the plaintiff must be accepted as true. Haskins v. Clary, 346 So.2d 193 (La.1977); Crier v. City of New Orleans, 365 So.2d 35 (La. App. 4th Cir.1978).

*381 IV.
Under Louisiana law, a judge is protected from liability by the doctrine of judicial immunity which holds that a judge may not be cast in damages for his errors unless he has acted outside his judicial capacity. Killeen v. Boland, Gschwind Co., 157 La. 566, 102 So. 672 (1924); Cleveland v. State, 380 So.2d 105 (La.App. 1st Cir.1979). Justices of the peace have the same judicial immunity as judges of superior jurisdiction. Berry v. Bass, 157 La. 81, 102 So. 76 (1924); Gravois v. Ockmond, 409 So.2d 400 (La.App. 4th Cir.1982), writ denied 412 So.2d 1110 (La.1982). Even when the judge has technically acted outside his jurisdiction and contrary to law, he will remain protected unless his actions were based on malice or corruption. Berry v. Bass, supra; Cleveland v. State, supra; Conques v. Hardy, 337 So.2d 627 (La.App. 3d Cir.1976).
Therefore, for plaintiff to allege a cause of action against Johnson under state law she must allege facts which show not only malice or corruption but that Johnson was acting beyond his jurisdiction. Gravois v. Ockmond, supra.
A justice of the peace has criminal jurisdiction as a committing magistrate only and has authority to issue peace bonds and arrest warrants. LSA-R.S. 13:2586C; LSA-C.Cr.P. Arts. 202 and 931.
The essential allegations against Johnson relate to his refusal to issue a peace bond and a warrant for the arrest of Taylor and his issuance of the warrant for the arrest of plaintiff. The issuance of or refusal to issue a peace bond or arrest warrant are clearly judicial functions within the jurisdiction of the justice of the peace. Accepting the facts alleged in plaintiff's petition as true, it is nevertheless clear that Johnson acted in his judicial capacity within the scope of his jurisdiction. His motivation for acting or not acting is irrelevant in this action for civil damages. He is protected from liability by the doctrine of judicial immunity.
Plaintiff failed to state a cause of action under state law.

V.
The Louisiana jurisprudence on judicial immunity mirrors the federal doctrine. Cleveland v. State, supra. A judge, of whatever status in the judicial hierarchy, is immune from suit for damages resulting from any act performed in the judicial role. Supreme Court of Virginia v. Consumers Union, 446 U.S. 719, 100 S.Ct. 1967, 64 L.Ed.2d 641 (1980). Judges are absolutely immune from 42 U.S.C. § 1983 liability for all acts performed within their subject matter jurisdiction, even if the acts are malicious. Stump v. Sparkman, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); Morris v. County of Tehama, 795 F.2d 791 (9th Cir.1986). This immunity extends to justices of the peace as well as those who sit on the Supreme Court, Turner v. Raynes, 611 F.2d 92 (5th Cir.), cert. denied 449 U.S. 900, 101 S.Ct. 269, 66 L.Ed.2d 129 (1980), and shields judges unless they act either in "the clear absence of all jurisdiction over the subject matter" or in a nonjudicial capacity. Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 20 L.Ed. 646 (1872), quoted in Stump v. Sparkman, supra; Brewer v. Blackwell, 692 F.2d 387 (5th Cir.1982)
When, however, judicial officers act in a "nonjudicial" capacity, they are not immune from liability for that conduct. Gregory v. Thompson, 500 F.2d 59 (9th Cir.1974). If on occasion their acts involve both judicial and nonjudicial conduct, the unprotected behavior must be separated from the shielded and judges are liable for the acts that were not judicial. Brewer v. Blackwell, supra; Crowe v. Lucas, 595 F.2d 985 (5th Cir.1979).
In Forrester v. White, 484 U.S. 219, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988), the court affirmed the use of the "functional" approach in deciding whether a particular official is entitled to exemption from civil liability due to the nature of the official's capacity. The court recognized the long history of judicial immunity and its importance in protecting judges from vexatious actions prosecuted by disgruntled litigants. The judge is entitled to absolute judicial immunity when he performs "judicial" acts *382 but not when he acts in an administrative capacity. Forrester v. White, 108 S.Ct. at 546.
Johnson's actions in not issuing the peace bond and/or warrant for Taylor's arrest, and the issuance of the warrant for plaintiff's arrest were judicial acts within Johnson's jurisdiction for which he is absolutely immune from liability. Thomas v. Sams, 734 F.2d 185 (5th Cir.1984), cert. denied 472 U.S. 1017, 105 S.Ct. 3476, 87 L.Ed.2d 612 (1985); Brewer v. Blackwell, supra. Johnson's signing of the warrant for plaintiff's arrest is protected by absolute immunity even if he acted maliciously when he signed it. Adams v. Mcllhany, 764 F.2d 294 (5th Cir.1985); Brewer v. Blackwell, supra.
Plaintiff failed to state a cause of action under federal law.

VI.
Accordingly, the judgment of the trial court which maintained Johnson's exception of no cause of action is affirmed. Costs of this appeal are assessed to plaintiff.
AFFIRMED.