hSAUNDERS, Judge.
Allen Bell and Inland Enterprises, Inc. filed suit against Charles Crump d/b/a Pine-ville Mini Storage Company for wrongful eviction. Crump, appellant herein, filed a third party demand against the City of Pine-ville and the Clerk of Court of Pineville City Court for contribution and costs.
The City of Pineville and its city court clerk filed an exception of no cause of action, arguing that the city court clerk was immune from damages for allegedly providing third party plaintiff, Crump, with incorrect forms, information, and instructions, which resulted in the plaintiffs’ wrongful eviction. The trial court granted the exception of no cause of action. Under the circumstances presented by this case, we affirm in part, reverse in part and remand.

\ ¡FACTS

This appeal arises from a third party demand.
Initially, Allen Bell and Inland Enterprises, Inc. filed suit against Charles G. Crump d/b/a Pineville Mini Storage Company, owner *977 of a self-service storage facility for wrongfully removing approximately $40,000.00 worth of its property and refusing to return the same.
Charles Crump answered, generally denying the specific charges raised in plaintiffs petition and, alternatively, sought indemnification or contribution from the City of Pine-ville and the City Clerk of Pineville City Court, appellees herein.
In his answer and third party demand, Crump indicated that he posted a termination of lease and notice to vacate on the door of Inland Enterprises, Inc.’s storage unit “in accordance with instructions received from the clerk of court of Pineville City Court.” Thereafter, on or about August 15, 1991, Crump, appearing pro se, filed suit to evict Inland Enterprises, Inc. and, in accordance with the clerk’s request, provided the clerk with the address of Mand Enterprises. However, instead of serving Inland Enterprises, Inc., the clerk issued the rule to Island Enterprises, but affixed the notice of eviction to Inland’s storage locker.
On August 21, judgment was signed in Pineville City Court condemning Island Enterprises to vacate the storage facility with an order issued to the Marshall of Pineville City Court directing him to place Crump in full and complete possession of the property.
The Marshall complied with this Order by cutting the lock on the storage facility belonging to Inland, removing the contents, and then delivering the storage facility to Crump. Suit and third party demand followed.

LAW

“The peremptory exception pleading the objection of no cause of action is a procedural device pleaded to raise the question of whether any |8remedy is afforded by law. Ward v. Tenneco Oil Company, 564 So.2d 814, 820 (La.App. 3rd Cir.1990); Robinson v. North American Royalties, Inc., 463 So.2d 1384, 1386 (La.App. 3rd Cir.), amended on other grounds, 470 So.2d 112 (La.1985). The purpose of this objection is to test the legal sufficiency of the pleadings. In other words, the exception pleading the objection of no cause of action tests whether, under the allegations of the petition, the law affords any remedy for the grievance asserted. Bellah v. State Farm Fire and Casualty Ins. Co., 546 So.2d 601, 603 (La.App. 3rd Cir.1989); Bordelon v. Cochrane, 533 So.2d 82, 84-85 (La.App. 3rd Cir.1988), writ denied, 536 So.2d 1255 (La.1989).
“For purposes of ruling on the exception pleading the objection of no cause of action, the court must accept all of the allegations of the petition as true and sustain the exception only if the law affords no remedy under any evidence that is admissible under the pleadings. Ward v. Tenneco Oil Company, 564 So.2d at 820; Bellah v. State Farm Fire and Casualty Ins. Co., 546 So.2d at 603. No evidence may be introduced to support or controvert the objection of no cause of action. LSA-C.C.P. art. 931; Ward v. Tenneco Oil Company, 564 So.2d at 820.
“The general rule is that where a petition states a cause of action as to any ground or portion of a demand, the exception of no cause of action should be overruled or denied. Ward v. Tenneco Oil Company, 564 So.2d at 820; Bellah v. State Farm Fire and Casualty Ins. Co., 546 So.2d at 603. The purpose of this rule is prevent piecemeal litigation and to avoid multiple appeals. Rodriguez v. American Bankers Insurance Company of Florida, 386 So.2d 652, 653 (La.1980); Ward v. Tenneco Oil Company, 564 So.2d at 820. However, an exception to this rule exists when separate and distinct causes of action are included in one petition. Ward v. Tenneco Oil Company, 564 So.2d at 820; Bordelon v. Cochrane, 533 So.2d at 89.”
Stafford Const. Co., Inc. v. Terrebonne Parish School Board, 612 So.2d 847, 850-51 (La. App. 1st Cir.1992), writ denied, 614 So.2d 82 (La.1993).

CRUMP’S PETITION

The sum and substance of third party plaintiff Crump’s ease is set forth in Paragraphs 12, 13, 20 and 21 of his Answer and Third Party demand:
*978 “12.
On or about August 15, 1991, defendant in proper person filed a suit to evict Inland Enterprises, Inc. from the aforesaid stall 34-B, and, in accordance with her request, provided the clerk with the address of Inland Enterprises, Inc.
J±13.
On or about August 15, 1991, in those proceedings styled ‘Pineville Mini Storage vs. Inland Enterprises’ bearing number 91-286E on the docket of Pineville City Court, Parish of Rapides, State of Louisiana, the clerk issued a rule to Island Enterprises, 315 Greer Road, #B-34, Pine-ville, Louisiana, to show cause on August 21, 1991, why judgment should not be rendered condemning it to vacate the premises known as 315 Greer Road, #B-34. The clerk erroneously cited Island Enterprises instead of Inland Enterprises, Inc.
[[Image here]]
20.
The aforesaid eviction proceeding was instituted by defendant in proper person, and in all respects, defendant relied upon and utilized the forms and instruction provided by the clerk, including the termination of lease and notice to vacate form, the form letter to the clerk requesting that an eviction proceeding be filed, and the oral instructions of the clerk or her employees.
21.
In all respects, defendant complied with the instructions of the clerk or her employees.”

JUDGMENT BELOW

Citing LSA-R.S. 13:760, the trial court concluded that the city court clerk was immune from liability. LSA-R.S. 13:760 provides:
No clerk of court and no deputy of such officer who performs any act or issues any order in conformity with the written order or judgment of any judge of the district courts of this state shall be liable in either his individual or official capacity to any person, firm, or corporation for any damage as the result of such action. This exemption from liability shall extend to any surety or liability insurance carrier of such officer. (Emphasis added).

OPINION

Insofar as LSA-R.S. 13:760 clearly applies to orders written by judges of the district courts of this state, the trial court erred in relying on the provision as authority for its holding. Additionally, we observe the viability of LSA-R.S. 13:1886:
|5The clerk shall be a qualified elector of the state. Before entering upon the discharge of his duties the clerk shall give bond in favor of the city judge in an amount to be fixed by him at not less than one thousand dollars conditioned for the faithful performance of his duties and for the discharge of all claims incurred against him in his official capacity. This bond may be sued upon by any person dam-ayed in any way by the fault of the clerk in the discharye of his official duties. (Emphasis added).
When the wording of a statute is clear and free of ambiguity, its letter shall not be disregarded under the pretext of pursuing its spirit. LSA-R.S. 1:4. We conclude that LSA-R.S. 13:1886, a provision cited by neither party, clearly permits a cause of action against any bond posted by the city court clerk. Accordingly, the trial court’s judgment is reversed, at least to the extent that it contradicts this statute.
The second question to be drawn from this controversy is to what extent, if any, a city court clerk may be held liable beyond the bond required by LSA-R.S. 13:1886. It is well settled that she may not be held personally liable. Bulot v. Justice, 524 So.2d 269, 271 (La.App. 5th Cir.1988). See also, Jenkins v. Jefferson Parish Sheriff’s Office, 402 So.2d 669, 671-72 (La.1981). Accordingly, this dispute concerns whether her office may be cast for damages beyond the amount of the bond for the alleged negligence of the city court clerk in the performance of her duties. LSA-R.S. 13:1886; LSA-R.S. 42:1441.3; Jenkins, supra.
*979 To answer this limited question, we turn to the city court clerk’s argument that a city court clerk is entitled to immunity either under LSA-R.S. 9:2798.1, which extends immunity to public officers in the performance of their policy-making and discretionary acts, or under the doctrine of judicial immunity.

LSA-B.S. 9:2798.1

Like our colleagues of the First Circuit, we believe LSA-R.S. 9:2798.1 is inapplicable to the current dispute. See Jones v. City of Hammond Police Dept. 16633 So.2d 674 (La.App. 1st Cir.1993), writ denied, 635 So.2d 234 (La.1994). Therefore, we turn to the clerk’s final argument, which relies on the doctrine of judicial immunity.

Judicial Immunity

Suits for monetary damages are meant to compensate victims of wrongful actions and to discourage conduct that may result in liability. To the extent that the threat of liability encourages officials to carry out their duties in a lawful and appropriate manner, it accomplishes exactly what it should. However, by its nature, the threat of liability can create perverse incentives that operate to inhibit officials in the proper performance of their duties. Forrester v. White, 484 U.S. 219, 223, 108 S.Ct. 538, 542, 98 L.Ed.2d 555 (1988). As the United States Supreme Court observed in Forrester:
“When officials are threatened with personal liability for acts taken pursuant to their official duties, they may well be induced to act with an excess of caution or otherwise to skew their decisions in ways that result in less than full fidelity to the objective and independent criteria that ought to guide their conduct. In this way, exposing government officials to the same legal hazards faced by other citizens may detract from the rule of law instead of contributing to it.”
Forrester, 484 U.S. at 239-40, 108 S.Ct. at 552.
To preserve judicial independence by protecting judges from vexatious actions prosecuted by disgruntled litigants, the doctrine of judicial immunity, which apparently originated in medieval times, has long been accepted in this country. See generally, Forrester, supra, at 224-25, 108 S.Ct. at 543 (citing Bradley v. Fisher, 13 Wall. 335, 347-48, 20 L.Ed. 646 (1872)). In accord, Mireles v. Waco, 502 U.S. 9, 10, 112 S.Ct. 286, 287, 116 L.Ed.2d 9 (1991) (collecting cases). The doctrine is not altogether impervious to statutory abridgement, however, as it is for Congress and not the courts to determine whether and to what extent to abrogate the judiciary’s |7immunity. See generally, Pulliam v. Allen, 466 U.S. 522, 543, 104 S.Ct. 1970, 1981-82, 80 L.Ed.2d 565 (1984) and cites therein.
The Louisiana judicial immunity doctrine mirrors the federal jurisprudence. S.T.J. v. P.M., 556 So.2d 244, 246 (La.App.2d Cir.1990), citing Moore v. Taylor, 541 So.2d 378 (La.App.2d Cir.1989) and Cleveland v. State, 380 So.2d 105 (La.App. 1st Cir.1979). This immunity extends to justices of the peace, Moore and cites therein, minute clerks, Johnson v. Foti, 583 So.2d 1210 (La. App. 4th Cir.1991), and even to non-judicial persons, such as psychiatrists and psychologists, appointed temporarily to fulfill quasi-judicial functions intimately related to the judicial process. S.T.J., supra, and cites therein. As with the Federal doctrine, in Louisiana the determining factor is whether the individual performs a judicial function with an integral relationship to the judicial process.
Turning to the facts of this ease, we conclude that the office of the city court clerk is immune from liability in this case beyond the amount required by LSA-R.S. 13:1886, supra. Favoring immunity are such factors as the city court clerk being appointed by the city judge, LSA-R.S. 13:1884, Johnson v. Foti, supra, and her integral relationship as gatekeeper to the judicial process.
To the extent that LSA-R.S. 13:1886 abrogates city clerk’s quasi-judicial immunity, it must prevail. LSA-R.S. 1:4. But to the extent that the legislature did not endeavor to hamper the immunity doctrine’s application, we also decline to do so. In our view, personnel involved with “small claims” courts, charged with the awesome responsibility of processing multitudinous claims, *980 should be encouraged to offer practical help to litigants with very real claims but who lack the necessary resources to retain counsel.
Accordingly, we find that the legislature has not expressly granted absolute immunity to city court clerks as it did for district court clerks in LSA-R.S. 13:760. [glnstead, the legislature has only chosen to provide city court clerks with a qualified immunity which begins after the city court clerk’s bond has been exhausted. LSA-R.S. 13:1886.

CONCLUSION

For the foregoing reasons, we affirm the conclusion of the trial court that the city clerk of court is immune from personal liability, but hold that a cause of action may lie against the clerk’s bond “of not less than one thousand dollars” as required by state law.
As to this in rem proceeding, on remand the trial court is directed to apply the usual duty-risk analysis. See, e.g., Faucheaux v. Terrebonne Consol. Government, 615 So.2d 289 (La.1993); Devore v. Hobart Mfg. Co., 367 So.2d 836, 839 (La.1979) and dissent; Lafayette Bldg. Ass’n v. Forum Ins. Co., 525 So.2d 1154 (La.App. 3d Cir.), writ denied, 532 So.2d 161 (La.1988). Mills v. Ganucheau, 416 So.2d 361, 365 (La.App. 4th Cir.1982); and cited authority. See also, Chester Hoover Construction Co. v. Thornburg, 311 So.2d 542, 545-46 (La.App. 3d Cir.1975) (experienced party).
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
AMY, J., concurs with written reasons.