Dear Mr. Puls,
This office is receipt of your opinion request in which you present issues relative to the powers and duties of justices of the peace over litter violations. I have reorganized your questions in the following manner in order to more succinctly address the issues:
 1. May a justice of the peace cross over district lines in prosecuting litter violators?
 2. Can a justice of the peace refuse to accept and prosecute litter violation tickets from a sheriff's department?
 3. If a litter violator is ordered to serve in a litter abatement work detail and that person is injured during that service, is the justice of the peace, the sheriff's department, and/or the parish council liable to that individual?
 4. What penalties exist if a litter violator refuses to show up to court for the appropriate hearing?
 5. What penalties may be imposed against a litter violator who refuses to pay a fine or do litter service as ordered by the court?
 6. May the names of litter violators be published in the newspaper?
In answer to your first question, we direct you to LSA-R.S.13:2586(C)(2) which states:
 A justice of the peace shall have concurrent jurisdiction over litter violations occurring anywhere in the parish in which the court is situated, which are prohibited by R.S. 25:1111
or any ordinance of a parish governing body providing for litter abatement or control that provides that the trial for the violation of any such ordinance may be in a justice of the peace court. In addition, a constable may issue summons and serve subpoenas for such violations occurring anywhere in the parish in which his court is situated. However, the penalty that may be imposed by a justice of the peace in connection with a litter violation prohibited by R.S. 25:1111 shall be limited to the range of fines allowed by R.S. 25:1111(E)(1).
Therefore, a justice of the peace may go outside his ward in prosecuting litter violators so long as he or she remains within the parish in which his or her ward is situated.
 2. Can a justice of the peace refuse to accept and prosecute litter violation tickets from a sheriff's department?
LSA-R.S. 13:2587.1 provides for the prosecution of litter violations in justice of the peace courts and states:
 The constable of the justice of the peace court or his deputy shall act as prosecutor when called upon to do so by the justice of the peace when the justice of the peace exercises his jurisdiction to adjudicate litter violations prohibited by R.S. 25:1111 [now LSA-R.S. 30:2531]. In those cases where the constable has issued the citation or summons or has made the arrest or appears as a witness against the accused, the constable shall designate the deputy constable to prosecute the matter. If there is no deputy constable, then the justice of the peace may appoint a special deputy constable to prosecute the case or may authorize a constable from another ward in the parish to prosecute the matter. (Emphasis added.)
A reading of this statute implies that a justice of the peace is not required to accept and prosecute litter violations. However, "when the justice of the peace exercises his jurisdiction to adjudicate litter violations," he must abide by the penalty guidelines set forth in LSA-R.S. 30:2531.
While this may require some additional time and expense on your court's part, LSA-R.S. 13:2589(B) does require that the local governing bodies receiving the fines imposed by LSA-R.S.30:2531 and/or any parish ordinance shall reimburse those justice of the peace courts and constables for time spent and expenses incurred in handling litter violations and their prosecution.
 3. If a litter violator is ordered to serve in a litter abatement work detail and that person is injured during that service, is the justice of the peace, the sheriff's department, and/or the parish council liable to that individual?
Pursuant to the Doctrine of Judicial Immunity, a justice of the peace is immune from liability for acts performed within his judicial capacity. Two elements must be proven to sustain a cause of action against a justice of the peace. First, the justice of the peace must be proven to have acted in bad faith. Second, proof must be shown that the justice of the peace acted beyond his jurisdiction. Grausus v. Ockmond, 409 So.2d 400
(La.App. 2nd Cir. 1982); Stump v. Sparkman, 435 U.S. 349
(1978). Therefore, if a justice of the peace acts within his or her official capacity in good faith and within the scope of his jurisdiction, he or she is insulated from liability resulting from these acts.
As to liability of the sheriff's department and/or the parish council, such a determination rests on the facts of the particular case. It is not the policy of this office to make factual conclusions as those issues are best left to the proper administrative or jurisprudential finder of fact.
 4. What penalties exist if a litter violator refuses to show up to court for the appropriate hearing?
C.C.P. Article 222 defines "direct contempt" as:
 A direct contempt of court is one committed in the immediate view and presence of the court and of which it has personal knowledge, or a contumacious failure to comply with a subpoena or summons, proof of service of which appears of record.
If an offender has been served with a subpoena or summons to appear before the court and does not appear, the justice of the peace does have the discretion to hold this individual in direct contempt of court.
C.C.P. Article 4914 provides:
 A justice of the peace may punish a direct contempt of court, as defined in Article 222, by a fine of not more than fifty dollars, or imprisonment in the parish jail for not more than twenty-four hours, or both.
This same directive is presented in LSA-R.S. 13:4611(2). Alternatively, LSA-R.S. 13:4611(3) does allow the justice of the peace to place certain conditions on the violator which amounts to a probation. However, this term of probation shall not exceed the length of time a defendant may be imprisoned for the contempt. Therefore, the penalties available to a justice of the peace in punishing a direct contempt of court are limited to fifty dollars in fines and/or not more than twenty-four hours in jail.
 5. What penalties may be imposed against a litter violator who refuses to pay a fine or serve on litter detail as ordered by the court?
C.C.P. Article 224 delineates what constitutes constructive contempt of court and, in part, provides:
 (2) Wilful disobedience of any lawful judgment, order, mandate, writ, or process of the court;
 (10) Any other act or omission punishable by law as a contempt of court, or intended to obstruct or interfere with the orderly administration of justice, or to impair the dignity of the court or respect for its authority, and which is not a direct contempt.
By refusing to pay the imposed fine or working pursuant to a litter abatement order, the offender is violating a direct order of the court and subjects himself to scrutiny under C.C.P. Article 225 which provides the procedure for punishing someone who commits constructive contempt. C.C.P. Art. 225, in applicable part, states:
 A. Except as otherwise provided by law, a person charged with committing a constructive contempt of court may be found guilty therefor only after the trial by the judge of a rule against him to show cause why he should not be adjudged guilty of contempt and punished accordingly. The rule to show cause may issue on the court's own motion or on motion of a party to the action or proceeding and shall state the facts alleged to constitute contempt. . . . a certified copy of the motion, and the rule to show cause, shall be served upon the person charged with contempt in the same manner as a subpoena at least forty-eight hours before the time assigned for the trial of the rule.
 B. If the person charged with contempt is found guilty the court shall render an order reciting the facts constituting the contempt, adjudging the person charged with contempt guilty thereof, and specifying the punishment imposed.
Moreover, if the offender refuses to carry out litter detail as ordered by the court, C.C.P. Article 226 provides:
 When a contempt of court consists of the omission to perform an act which is yet in the power of the person charged with contempt to perform, he may be imprisoned until he performs it, and in such case this shall be specified in the court's order.
 6. May the names of litter violators be published in the newspaper?
Under LSA-R.S. 44:3(A)(4)(a), a law enforcement agency may decline to release the records of the arrest of a person, other than the report to the officer or officers investigating a complaint, until a final judgment of conviction or the acceptance of a plea of guilty by a court of competent jurisdiction. However, this provision also provides exceptions to this exemption:
 (A) . . . However, the initial report of the officer or officers investigating a complaint, but not to apply to any followup or subsequent report or investigation, records of the booking of a person as provided in Louisiana Code of Criminal Procedure Article 228, records of the issuance of a summons or citation, and records of the filling of a bill of information shall be public record.
Therefore, any information contained in the initial police report is public record. This information includes a description of the offense, the name and identification of the person charged with the offense, the time and date of the offense, and the location of the offense. LSA-R.S. 44:3(A)(4)(b). Consequently, we see no restriction in the statutes that bars the publication of the names of litter offenders in a newspaper.
In conclusion, a justice of the peace may exercise his or her jurisdiction in prosecuting litter violators throughout the parish in which his or her ward sits. However, a justice of the peace is not required to accept and prosecute litter violations. If the justice of the peace is in good faith and within his proper jurisdiction, he is protected by judicial immunity should a violator be injured while in the course of a court ordered litter abatement detail. If a violator refuses to appear in court pursuant to a summons, the justice of the peace may hold him in direct contempt. Additionally, if the offender refuses to pay a fine or refuses to do litter detail as ordered by the court, he may be held in constructive contempt. Finally, the names of litter violators may be published in the newspaper.
I trust this adequately addresses your concerns. Should you require further assistance, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _______________________________ CARLOS M. FINALET, III ASSISTANT ATTORNEY GENERAL
CMF:ams
Date Received: January 30, 1996
Date Released: March 5, 1996
CARLOS M. FINALET ASSISTANT ATTORNEY GENERAL