NOT FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-895 c/w 09-896


CHARLES B. W. PALMER, RINA M. PALMER
AND CHARLES B. W. PALMER, III

VERSUS

HONORABLE ELIZABETH P. WOLFE

**********
APPEAL FROM THE
TWENTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF ST. HELENA, NO. 19236 and 19236
HONORABLE RUCHE J. MARINO, PRESIDING
**********

SYLVIA R. COOKS
JUDGE

**********

Court composed of Sylvia R. Cooks, Marc T. Amy, and Elizabeth A. Pickett, Judges.

AFFIRMED;   MOTION TO SUPPLEMENT DENIED.


Charles B. W. Palmer
P.O. Box 356
Amite, LA 70422
(985) 748-9423
COUNSEL FOR PLAINTIFFS/APPELLANTS:
      Charles B. W. Palmer, Rina M. Palmer and Charles B. W. Palmer, III

David Sanders
Patricia Wilton
Department of Justice
1885 North 3rd Street
Baton Rouge, LA 70804
(225) 326-6300
COUNSEL FOR DEFENDANT-APPELLEE:
      Honorable Elizabeth P. Wolfe

**COOKS, Judge.**

The genesis of this suit began back in 1972 when the Charles B.W. Palmer, representing the "Gladys Spears Group," prevailed in certain litigation against the "Mutt/Ethel Group." There were various subsequent counter-suits over the next twenty-five to thirty years. In 1983, Mr. Palmer successfully provoked a sheriff's sale, resulting in he and the "Gladys Spears Group" becoming full owners of certain real estate comprising 84.60 acres and part owners along with the "Mutt/Ethel Group" of other property comprising 80.00 acres.

According to Mr. Palmer, he subsequently became aware he was not "being treated fairly" by his own clients in the "Gladys Spears Group" and the "Mutt/Ethel Group." Thus, he obtained a series of judgments of abandonment against both the "Gladys Spears Group" and the "Mutt/Ethel Group." On May 16, 2005, Mr. Palmer also obtained a money judgment in excess of $200,000.00 against both the "Gladys Spears Group" and the "Mutt/Ethel Group." Mr. Palmer then caused a fifa to be issued to seize and sell all of the 164.60 acres of real estate acquired in the previously discussed sheriff's sale.

One of the heirs of the "Mutt/Ethel Group," Ethel Harrison, attacked the fifa and sheriff's sale and sought to obtain a temporary restraining order. On November 15, 2005, Judge Elizabeth P. Wolfe of the Twenty-First Judicial District Court enjoined the sheriff's sale against only the sheriff, concluding Plaintiff was not a party defendant. Plaintiff's request for appeal was denied by Judge Wolfe. Mr. Palmer has maintained throughout these proceedings that Judge Wolfe had no right to refuse to grant his appeal.

Plaintiff contends he attempted then to file a writ, but was unable to bring same within the fifteen day delay in which to take a writ. Feeling there was only one

recourse remaining, Plaintiffs filed a "Writ of Mandamus" in which it was prayed that "the Honorable Beth B. Wolfe recuse herself as defendant-in-mandamus," that the trial court grant the mandamus "in order to perfect plaintiffs' appeal, or to answer same, and show cause why this want of mandamus should not be granted," and for all general and equitable relief. District Judge Wayne Ray Chutz denied the Mandamus, holding the proper remedy was by appeal.

Despite his apparent desire to file an appeal, and Judge Chutz's apparent ruling allowing him to do so, Mr. Palmer did not do so and, instead, filed a pleading styled a "Motion for New Trial." In that motion, he added Judge Chutz as a party defendant contending he "exceeded his authority by relegating it to the Court of Appeal, a costly, time-consuming move, which violates the very purpose of mandamus." In opposition to this filing, Judges Wolfe and Chutz filed a peremptory exception of no cause of action, contending the "Motion for New Trial" did not state a cause of action as to them.

The Louisiana Supreme Court appointed the Honorable Ruche J. Marino for the purposes of hearing the Peremptory Exception filed herein. A hearing was held, wherein all parties acknowledged Judges Wolfe and Chutz enjoyed judicial immunity from damages claimed as a result of their official action. Judge Marino issued judgment to that effect. Plaintiff was allowed to argue his case relative to Mandamus. Judge Marino held as follows:

> Under the Extraordinary process the Exception of No Cause of Action as it appears as to the Writ of Mandamus is DISMISSED and the mandate of [La.Code Civ.P. art.] 3865 is to be made executory. The foregoing ruling makes the Motion for a New Trial moot. My jurisdiction is complete in ruling on the exception and whatever Judge Chutz does in the future under Article 3865 is LAW.

In response to Judge Marino's ruling, Mr. Palmer filed a "Motion for New Trial, or Alternatively, Reconsideration (and/or Reargument)." In that motion, Mr.

Palmer principally complained that he filed a motion to recuse Judges Wolfe and Chutz. Judge Marino noted he could find no such affirmative motion, and suggested that such a motion could be filed and would be heard as any other normal motion under law in the judicial district court. Judge Marino again noted he only had authority to handle the Exception of No Cause of Action. Mr. Palmer's "Motion for New Trial, or Alternatively, Reconsideration (and/or Reargument)" was denied.

Mr. Palmer then filed a Motion and Order for a Devolutive Appeal with the First Circuit Court of Appeal, which encompasses the Twenty-First Judicial District Court. The appeal was subsequently transferred to this Court. Mr. Palmer asserts the following assignments of error:

> 1. The Ad Hoc Judge should have ordered Judge Wolfe to recuse herself;
>
> 2. It was error to grant Judge Wolfe immunity from being cast in a mandamus order.

## I. Motion To Recuse.

In the "Motion for New Trial, or Alternatively, Reconsideration (and/or Reargument)," Judge Marino noted that Mr. Palmer requested the recusal of Judges Wolfe and Chutz. Judge Marino noted he could find no such affirmative motion, and suggested that such a motion could be filed and would be heard as any other normal motion under law in the judicial district court. We agree. Louisiana Code of Civil Procedure Article 154 requires "[a] party desiring to recuse a judge of a district court *shall file a written motion* therefor assigning the ground for recusation." (Emphasis added.)

## II. Writ of Mandamus.

Mr. Palmer sought a mandamus against Judge Wolfe from the district court. A district court lacks jurisdiction to hear an application for a writ of mandamus

against a district judge. Such relief is properly sought from the court of appeal. *See Chicago Tribune Co. v. Mauffray*, 08-522 (La.App. 3 Cir. 11/5/08), 996 So.2d 1273. Therefore, Judge Chutz was correct in denying the mandamus as plaintiff's proper remedy was with the court of appeal, not another district court. A district judge cannot grant or refuse a mandamus against himself. Accordingly, the ad hoc district judge also lacked jurisdiction to mandamus another district judge.

### III.    *Judicial Immunity.*

Mr. Palmer's allegations in the present case stem from actions Judge Wolfe took while acting in her official capacity as a district court judge. As a judge in Louisiana, she enjoys absolute immunity from suit (not simply the imposition of damages as Mr. Palmer argues) while in the performance of her judicial duties. In determining whether a judge's acts are "judicial in nature," the court in *Malina v. Gonzales*, 994 F.2d 1121, 1124 (5th Cir. 1993), *citing McAlester v. Brown*, 469 F.2d 1280, 1282 (5th Cir. 1972), set forth four factors to consider:

> 1. Whether the precise act complained of is a normal judicial function;
>
> 2. Whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers;
>
> 3. Whether the controversy centered around a case pending before the court;
>
> 4. Whether the acts arose directly out of a visit to the judge in the judge's official capacity.

The Louisiana jurisprudence on judicial immunity mirrors the federal doctrine. A judge may not be cast for damages for his errors unless he has acted outside of his judicial capacity. *Moore v. Taylor*, 541 So.2d 378 (La.App. 2 Cir.1989). Even where the judge has technically acted outside his jurisdiction and contrary to law, he will remain protected, unless his actions were based on malice or corruption. *Id*.

In this case every alleged act occurred in the courtroom or appropriate adjunct

space occupied by the judge and centered around a case pending before the court. Therefore, Judge Wolfe's actions were clearly "judicial in nature" and she is entitled to absolute judicial immunity from suit.

### IV.   *Motion to Supplement Record on Appeal.*

Lastly, we deny Mr. Palmer's motion to supplement the record on appeal to include a copy of a letter sent by Judge Wolfe to the Louisiana Disciplinary Board. This letter is not necessary to decide the matters currently before this court on appeal.

## CONCLUSION

For the foregoing reasons, the trial court properly dismissed Judges Wolfe and Chutz on the grounds of absolute judicial immunity. We also find another district court judge lacks jurisdiction to issue mandamus ordering another district judge to act. Such an order must come from the appellate court under its supervisory jurisdiction. The motion filed to supplement the record on appeal is denied. All costs of this appeal are assessed against Plaintiffs-Appellants.

**AFFIRMED;   MOTION TO SUPPLEMENT DENIED.**

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.**