# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 20-232

**PATRICK LEVIER**

**VERSUS**

**JOHN TRAHAN, JUDGE**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20194503
HONORABLE THOMAS R. DUPLANTIER, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**SHANNON J. GREMILLION**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Shannon J. Gremillion, Van H. Kyzar, and Candyce G. Perret, Judges.

**AFFIRMED.**

**Patrick Levier**
**533318**
**Louisiana State Penitentiary**
**Angola, LA 70712**
**PRO SE:**
     **Patrick Levier**

**Honorable Jeff Landry**
**Attorney General**
**James G. Evans**
**Jacqueline B. Wilson**
**Assistant Attorneys General**
**Post Office Box 94005**
**Baton Rouge, LA 70804-9005**
**(225) 326-6300**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Judge John D. Trahan**

**GREMILLION, Judge.**

Plaintiff/Appellant, Patrick Levier, appeals the trial court's judgment granting the Defendant/Appellee, Judge John D. Trahan's, peremptory exception of no cause of action. For the following reasons, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Levier, an inmate at Angola Penitentiary, was convicted of second-degree murder in 2008, following a trial over which Judge Trahan presided. In July 2019, Levier filed a "Civil Rights Complaint" against Judge Trahan, noting that Judge Trahan was "acting under color of state law, when in his official capacity he conspired with Plaintiff's defense attorney Elbert Guillory to deprive Plaintiff of his civil and constitutional rights."[1] He further requested $13,000,000 in damages.

In September 2019, Judge Trahan filed a peremptory exception of no cause of action urging that the claims against him were barred by judicial immunity or failed to state a cause of action. In mid-September 2019, Levier received an order to appear in court on October 21, 2019, for a hearing on the exception of no cause of action. On October 28, 2019, Levier filed a "Brief In Response To Defendant's Peremptory Exception of No Cause of Action Based [on] Judicial Immunity or Failure to State a Cause of Action." Attached to this document was a number of documents including, Exhibit D, a "Motion Recusal" that was originally filed in December 2017. On October 22, 2019, Levier composed a letter to the Clerk of Court of the Fifteenth Judicial District stating that "Upon being brought for the court appearance on the telecommunication screen at this prison no one ever appeared on the screen that the hearing could commence." Levier requested that he be informed when the hearing would be rescheduled.

---

[1] We note that Levier did not mention 42 U.S.C.A. § 1983 in his petition. However, we assume Levier alleges that Judge Trahan's conspiring with Guillory deprived him of a right to effective assistance of counsel pursuant to the Sixth Amendment to the United States Constitution.

Following a January 21, 2020 hearing, Judge Trahan's exception of no cause of action was granted, and Levier's lawsuit and claims against Judge Trahan were dismissed. Additionally, Levier's motion for the appointment of counsel was denied in the judgment dated February 5, 2020. Levier filed an "Objection to the Proposed Final Judgment," objecting to the hearing being held without him present.[2] On March 5, 2020, he filed a petition for appeal, which was granted on March 9, 2020.

Levier assigns as error:

1. Whether the District Court's Decision to Conduct The Hearing Without The Presence of Plaintiff Was An Abuse of Discretion Under La. Civil Code of Procedure art. 963 Relating to Rule To Show Cause Motions That Must Be Tried Contradictory With The Adverse Party In Violation of La. Const. of 1974 Article 1, Section 2 [and] 22.

2. Whether The District Court's Decision Constituted Abuse of Discretion Bu[t] Disregarding And Not Considering Plaintiff's Brief To Defendant's Premptory [sic] Exception In Light of Conducting The Hearing Without The Presence of Mr. Levier Before Rendering Judgment In Violation of La. Const. Article 1, Section 22.

**DISCUSSION**

*Assignment of Error One*

In his first assignment of error, Levier complains that the trial court abused its discretion and it was "not reasonable nor correct" when it did not allow him to be present at the hearing contrary to La.Code Civ.P. art. 963, which requires that the adverse party be present at the proceeding.[3]

Louisiana Code of Civil Procedure Article 963 states (emphasis added):

> If the order applied for by written motion is one to which mover is clearly entitled *without supporting proof, the court may grant the order ex parte and without hearing the adverse party.*

---

[2] There does not appear to be any reason in the record as to why Levier was not present for the hearing via telecommunication means.

[3] Levier does not challenge the merits of the trial court's judgment granting Judge Trahan's exception of no cause of action and its denial to appoint Levier counsel.

If the order applied for by written motion is one to which the mover is not clearly entitled, or which requires supporting proof, the motion shall be served on and tried contradictorily with the adverse party.

The rule to show cause is a contradictory motion.

At the brief hearing on the exception of no cause of action, the following transpired:

[Counsel for Judge Trahan:] . . . We filed an Exception of No Cause of Action on behalf of Judge Trahan on two (2) grounds. The first ground, Your Honor, of course, being that Mr. Levier is clearly challenging his criminal conviction that should be properly raised in post-conviction relief, some sort of habeas direct appeal, not in a civil suit. And the other one, Your honor, is he's clearly challenging Judge Trahan's conduct in the course of the criminal proceeding. Absolute judicial immunity, as set forth in the cases cited in the brief, prohibits a plaintiff from bringing a suit against a judge when the judge has performed duties in his official capacity.

For those reasons, Your Honor, we would request judgment in favor of Judge Trahan.

THE COURT: . . . Clearly, this is a habeas case, that if he is unhappy with the conviction that transpired, that his recourse would be to take that up in a habeas suit.

And with regard to the other contentions, I agree that Judge Trahan is immune from that liability based on the protection by the Code.

An exception of no cause of action is tried on the face of the petition alone. La.Code Civ.P. art. 931. Accordingly, no evidence is introduced to support or disprove the claim, and there is no need for an adverse party to be present. A trial court can grant an exception of no cause of action sua sponte. La.Code Civ.P. art. 927(B). In *Ramey v. DeCaire*, 03-1299, p. 7 (La. 3/19/04), 869 So.2d 114, 118-19, the supreme court stated:

A cause of action, when used in the context of the peremptory exception, is defined as the operative facts that give rise to the plaintiff's right to judicially assert the action against the defendant. *Everything on Wheels Subaru, Inc. v. Subaru South, Inc.*, 616 So.2d 1234, 1238 (La.1993). The function of the peremptory exception of no cause of action is to test the legal sufficiency of the petition, which is

3

done by determining whether the law affords a remedy on the facts alleged in the pleading. *Id*. at 1235. No evidence may be introduced to support or controvert an exception of no cause of action. La. C.C.P. art. 931. Consequently, the court reviews the petition and accepts well-pleaded allegations of fact as true. *Jackson v. State ex rel. Dept. of Corrections*, 00-2882, p. 3 (La.5/15/01), 785 So.2d 803, 806; *Everything on Wheels Subaru*, 616 So.2d at 1235. The issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. *Montalvo v. Sondes*, 93-2813, p. 6 (La.5/23/94), 637 So.2d 127, 131.

Louisiana has chosen a system of fact pleading. La. C.C.P. art. 854 cmt. (a); *Montalvo* at p. 6, 637 So.2d at 131. Therefore, it is not necessary for a plaintiff to plead the theory of his case in the petition. *Kizer v. Lilly*, 471 So.2d 716, 719 (La.1985). However, the mere conclusions of the plaintiff unsupported by facts does not set forth a cause of action. *Montalvo* at p. 6, 637 So.2d at 131.

The burden of demonstrating that the petition states no cause of action is upon the mover. *City of New Orleans v. Board of Com'rs of Orleans Levee Dist*., 93-0690, p. 28 (La.7/5/94), 640 So.2d 237, 253. In reviewing the judgment of the district court relating to an exception of no cause of action, appellate courts should conduct a *de novo* review because the exception raises a question of law and the lower court's decision is based solely on the sufficiency of the petition. *Fink v. Bryant*, 01-0987, p. 4 (La.11/28/01), 801 So.2d 346, 349; *City of New Orleans* at p. 28, 640 So.2d at 253. The pertinent question is whether, in the light most favorable to plaintiff and with every doubt resolved in plaintiff's behalf, the petition states any valid cause of action for relief. *City of New Orleans* at p. 29, 640 So.2d at 253.

In his "Civil Rights Complaint," Levier alleged that Judge Trahan conspired with Elbert Guillory (Levier's trial counsel) to deprive him of "his civil and constitutional rights to a fair and impartial trial and judicial review." Levier noted that his conviction and sentence have been affirmed by this court and the Louisiana Supreme Court. His complaint further stated that Judge Trahan presided over all of the post-conviction relief proceedings and that he had filed numerous recusal motions because of a "personal relationship which had developed between Judge Trahan and the murder victim's family and that Judge Trahan was biased and prejudiced against him and that he had become personally involved and that this relationship was influencing his judicial conduct."

Levier argued that Judge Trahan conspired with Guillory to deny Levier's "post-conviction allegation that . . .Guillory was incompetent and failed to investigate . . . that [Levier] had a history of mental illness as far back as when he was 7 years old." He argued that Guillory failed to raise an insanity defense due to his incompetence. He further claimed that Judge Trahan "allowed a mentally retarded defendant to be convicted of second degree murder" and failed to have him evaluated for mental competency.

Accepting all of these allegations as true, we find that Levier has failed to state a cause of action against Judge Trahan. Levier first claims that Judge Trahan was biased because he developed a relationship with the murder victim's family. He then claims that Judge Trahan conspired with his defense counsel. However, he provides no details or facts to support these bare allegations. Mere conclusions without any facts to support them are insufficient to state a cause of action. *Ramey*, 869 So.2d 114.

Ineffective assistance of counsel claims are properly addressed in applications for post-conviction relief. Levier's allegation, in absence of any factual support, that Guillory and Judge Trahan conspired to deny him post-conviction relief are insufficient to state a civil cause of action. Once post-conviction relief has been exhausted, a defendant cannot substitute a civil lawsuit for post-conviction relief claims. *See* La.Code Crim.P. art. 930.4; *State ex rel. Levier v. State*, 15-2019 (La. 2/17/17), 211 So.3d 379, *State ex. rel. Levier v. State*, 16-1710 (La. 2/2/18), 234 So.3d 875. Because the peremptory exception of no cause of action was properly granted, Levier's presence at the hearing was not necessary.

Furthermore, even if we accepted these bare allegations as sufficient to state a cause of action, Judge Trahan would be absolutely immune from any federal § 1983 claims. In *McCoy v. City of Monroe*, 32,521, p. 6 (La.App. 2 Cir. 12/8/99), 747 So.2d 1234, 1241, *writ denied*, 00-1280 (La. 3/30/01), 788 So.2d 441, the court stated:

In *Forrester v. White*, 484 U.S. 219, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988), the United States Supreme Court recognized the long history of judicial immunity and its importance in protecting judges from vexatious actions prosecuted by disgruntled litigants. The judge is entitled to absolute immunity where he performs "judicial" acts. *Moore v. Taylor*, 541 So.2d 378 (La.App. 2d Cir.1989). A judge, of whatever status in the judicial hierarchy, is immune from suit for damages resulting from any act performed in the judicial role. Judges are absolutely immune from 42 U.S.C. § 1983 liability for all acts performed within their subject matter jurisdiction, even if the acts are malicious. This immunity extends to justices of the peace as well as those that sit on the supreme court and shields judges unless they act either in "the clear absence of all jurisdiction over subject matter" or in a nonjudicial capacity. *Moore v. Taylor*, *supra*.

The Louisiana jurisprudence on judicial immunity mirrors the federal doctrine. A judge may not be cast for damages for his errors unless he has acted outside of his judicial capacity. *Moore v. Taylor*, *supra*. Even where the judge has technically acted outside his jurisdiction and contrary to law, he will remain protected, unless his actions were based on malice or corruption. *Moore v. Taylor, supra.*

Levier's petition fails to state a cause of action, and the trial court did not err in granting Judge Trahan's peremptory exception of no cause of action. Accordingly, this assignment of error is without merit.

### Assignment of Error Two

In his second assignment of error, Levier argues that the trial court abused its discretion "when it did not evaluate, address or consider Levier's brief in support of his position before reaching a decision for denial." Levier claims that "[i]t should respectfully be perceived that the district court abused its discretion because the framework for its decision is not clearly supported." This argument appears to rely on the trial court's failure to mention Levier's opposition, which was filed into the record in October 2019, in either its oral or written reasons for judgment. For the reasons noted above, this issue is moot. Accordingly, assignment of error two is without merit.

6

**CONCLUSION**

The judgment of the trial court granting the peremptory exception of no cause of action in favor of the Defendant/Appellee, Judge John D. Trahan, is affirmed. All costs of this appeal are assessed against the Plaintiff/Appellant, Patrick Levier.

**AFFIRMED**.