737 So.2d 959 (1999)
Rhoden HAYES
v.
The PARISH OF ORLEANS, The City of New Orleans, et al.
No. 98-CA-2388.
Court of Appeal of Louisiana, Fourth Circuit.
June 16, 1999.
Joseph L. Montgomery, Metairie, Louisiana, Counsel for Plaintiff-Appellant.
John S. Keller, New Orleans, Louisiana, Counsel for Defendant-Appellee.
Court composed of Judge WILLIAM H. BYRNES III, Judge MIRIAM G. WALTZER and Judge PATRICIA RIVET MURRAY.
BYRNES, Judge.
Certain criminal charges were brought against the plaintiff-appellant, Rhoden Hayes, as a result of which he was incarcerated and prosecuted. Ultimately, Hayes was successful in having the charges dismissed pursuant to a motion to quash. In an unpublished opinion, State v. Hayes, 96-0509 (La.App. 4 Cir. 10/16/96), 681 So.2d 1322, this Court affirmed Hayes' motion to quash based on the denial of his right to a speedy trial. On October 18, 1996, the plaintiff-appellant, Rhoden Hayes, filed suit against several defendants, *960 including the appellee herein, Harry Connick, for damages suffered by plaintiff in connection with his arrest and incarceration. Harry Connick filed an exception of no cause of action which was granted by the trial court on February 26, 1998, but plaintiff was granted fifteen days in which to "amend his petition with more specificity." Hayes then filed an "Amended Complaint for Damages," and Connick filed another exception of no cause of action. The trial court granted a partial exception of no cause of action, dismissing all claims against the defendant, Harry Connick, District Attorney of the Parish of Orleans, based on allegations of prosecutorial misconduct occurring after the indictment of the plaintiff, Rhoden Hayes. On February 1, 1999, this Court issued an Order recognizing the appealability of this partial judgment.
When Hayes filed his "Amended Complaint for Damages" he filed an entirely new and amended petition[1] which completely replaced and superceded his original petition. As this exception is tried against the face of this amended petition, it is necessary to consider the precise relevant allegations contained therein:
VII.
Plaintiff remained in jail until October 19, 1995, when the State Nolle Prossed the charges. The State then proceeded to reindict the plaintiff, at which time his bond was reduced from $300,000.00 to $25,000.00. A Motion to Dismiss the subsequent indictment was granted on January 5, 1996, which ruling was affirmed by the 4th Circuit Court of Appeal on October 16, 1996.

VIII.
During the prosecution of plaintiff, the following occurred:
a. The initial investigation by the New Orleans Police Department and the District Attorney's Office prior to indictment illustrated clearly that there was no probable cause to incarcerate and hold the plaintiff, as there was no physical evidence to indicate that the alleged victim had been raped, nor were any statements taken from any witnesses, and in fact there was no evidence whatsoever supporting the commission of the crime.
b. The plaintiff's trial was not commenced within the 120 days following the filing of a Motion for Speedy Trial by his counsel on July 23, 1993, as mandated by Code of Criminal Procedure Article 701.
c. The plaintiffs trial was not commenced within two years from the date of his indictment, as mandated by Code of Criminal Procedure Article 578.
d. The State failed to secure the presence by compulsory process of a critical witness for trial, Dr. Karen Cockerham, (who examined the victim after the alleged crime) for a period of six months from March 1994 through September 1994.
e. The plaintiff was reindicted on October 19, 1995, at which time the State knew, and had known for over two years, that no probable cause existed and that there was no reason to reprosecute Mr. Hayes and deprive him of his freedom.
f. Other wrongful act and omissions will be shown at the trial on the merits.

*961 IX.
All of the above listed acts and omissions were committed by the District Attorney's Office in its investigatory, ministerial or administrative roles, which roles have no functional tie to the judicial process.
The allegations in paragraph "IX" are conclusory. In evaluating an exception of no cause of action, allegations which are nothing more than conclusions are disregarded. Saxena v. Saxena, 518 So.2d 1098 (La.App. 5 Cir.1987); Delta Bank & Trust Co. v. Lassiter, 383 So.2d 330 (La.1980).
Knapper v. Connick, 96-0434 (La.10/15/96); 681 So.2d 944, held that prosecutors have absolute immunity from claims of prosecutorial misconduct that is intimately associated with the judicial phase of the criminal process and for their acts in initiating a prosecution and in presenting the state's case, i.e., conduct falling within the course and scope of their prosecutorial functions. Such immunity extends even to prosecutorial actions taken in bad faith or with malice.
Moreover, such immunity defeats a suit at the outset. Id., 681 So.2d at 948. It is important to defeat such claims at the outset and the exception of no cause of action is the most effective vehicle for doing so. The prospect of having to endure countless trials on the merits second-guessing the innumerable prosecutorial decisions a prosecutor is likely to be called upon to make, even if assured of ultimate vindication, would have the effect of chilling "the vigorous prosecution of those charged with violating state statutes; that such fears may deter competent people from seeking office; and that defense of claims for malicious prosecution may drain valuable time and effort." Id., 681 So.2d at 947.
The Knapper court also quoted and relied on LSA-C.Cr.P. art. 61:
Subject to the supervision of the attorney general, as provided in Article 62, the district attorney has entire charge and control of every criminal prosecution instituted or pending in his district, and determines whom, when, and how he shall prosecute.
The trial court in its reasons for judgment stated that the plaintiff has no tort remedy for the failure to commence trial within 120 days following a Motion for Speedy Trial[2] as required by LSA-C.Cr.P. art. 701. We agree. Scheduling prosecutions is inherently a prosecutorial matter to which absolute immunity applies.
The trial court also found no tort remedy against the prosecutor for plaintiff's complaint that his trial was not commenced within two years as required by LSA-C.Cr.P. art. 578.[3] We agree. Again, scheduling prosecutions is inherently a prosecutorial matter.
The trial court rejected the plaintiff's complaint that the state failed to subpoena a key witness which delayed his trial, because the summoning of witnesses for trial is incidental to the preparation for trial,[4] and as such, absolute immunity applies. We agree.
The re-indictment of the plaintiff referred to in allegation VIIIe also falls within the prosecutor's LSA-C.Cr.P. art. 61 authority to determine whom and when to prosecute.
Allegation VIIIf contains only the conclusion that the plaintiff will be able to prove other facts entitling him to recover at the trial on the merits, but the plaintiff fails to even vaguely describe those facts. This allegation is insufficient under our system of fact pleading to defeat an exception of no cause of action, especially in view of the policy favoring the disposition *962 "at the outset"[5] of claims for prosecutorial misconduct.
Therefore, none of the allegations of plaintiff's amended petition bearing on Mr. Connick's post indictment actions are sufficient to state a cause of action in the face of Mr. Connick's absolute immunity for prosecutorial misconduct.
Allegation VIIIa refers to actions which supposedly took place prior to Hayes' indictment. They do not fall within the parameters of the partial judgment that was granted by the trial court. Accordingly, allegation VIIIa is not part of this appeal and is, therefore, still viable.
Mr. Connick's appellate brief concludes by stating that, "The trial court properly granted a partial exception of no cause of action." Mr. Connick did not appeal the failure of the trial court to dismiss Hayes' pre-indictment claims, nor did Connick file an answer raising that issue.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] We do not find a copy of this "Amended Complaint for Damages" in the record. The only copy we found was annexed to the plaintiff-appellant's brief. The copy does appear to have been "clocked" in by the trial court;s clerk's office. The appellee does not object to this, and, in fact, quotes from said "Amended Complaint for Damages" in his reply brief. Moreover, we find that the appellee will suffer no prejudice as a result of this Court giving consideration to the copy attached to the plaintiff-appellant's brief as though it were properly in the record. Therefore, we shall proceed to do so.
[2] Allegation VIIIb.
[3] Allegation VIIIc
[4] Allegation VIIId
[5] Knapper, supra, 681 So.2d at 948.