# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 04-853


**ALAN CORLEY**

**VERSUS**

**VILLAGE OF FLORIEN AND MAYOR RODNEY JORDAN**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
ELEVENTH JUDICIAL DISTRICT COURT
PARISH OF SABINE, NO. 51,056
HONORABLE CHARLES BLAYLOCK ADAMS, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***


**BILLIE COLOMBARO WOODARD**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***


Court composed of Billie Colombaro Woodard, Marc T. Amy, and Billy Howard Ezell, Judges.

**AFFIRMED.**


**Amy, J., concurs in the result and assigns reasons.**

| | |
|---|---|
| William Daniel Dyess | Joseph B. Stamey |
| Attorney at Law | Stamey Law Firm |
| Post Office Drawer 420 | Post Office Box 1288 |
| Many, Louisiana 71449 | Natchitoches, Louisiana 71458-1288 |
| (318) 256-5667 | (318) 352-4559 |
| Counsel for: Plaintiff Appellant | Counsel for: Defendant Appellee |
|     Alan Corley |     Village of Florien |
| |     Rodney Jordan, Mayor |

WOODARD, Judge.

Mr. Alan Corley appeals the trial court's dismissal of his suit against Mayor Jordan. We find that Mr. Corley's petition does not allege all the required elements for his cause of action; namely, that Mayor Jordan acted outside of his jurisdiction. Thus, we affirm the trial court's judgment.

\* \* \* \* \*

This appeal arises from the trial court's finding that Mayor Rodney Jordan is immune from Mr. Corley's lawsuit, which arose from a separate suit against Mr. Corley in Mayor's Court in the Village of Florien. In that case, Mayor Jordan found Mr. Corley guilty of possessing stolen goods – a picnic table – and sentenced him to pay $499.00 and to serve six days in jail. Mr. Corley appealed to the trial court which reversed the judgment. Consequently, Mr. Corley filed the instant civil suit against Mayor Jordan and the Village of Florien. The trial court dismissed it on an exception of no cause of action, finding that Mayor Jordan enjoyed immunity from suit. Mr. Corley appeals this decision.

\* \* \* \* \*

**EXCEPTION OF NO CAUSE OF ACTION**

The no cause of action exception tests whether the law provides a remedy for the specific injury alleged. No evidence may be presented to aid in this inquiry. However, we must accept, as true, all well-pleaded allegations of fact.[1] This exception is the most effective vehicle for defeating a claim in which a defendant asserts immunity.[2]

**JUDICIAL IMMUNITY**

Louisiana Revised Statute 33:441 provides in pertinent part that "[t]he presiding officer of a mayor's court shall be entitled to judicial immunity for his official acts as

---

[1]*Guidry v. East Coast Hockey League*, 02-1254 (La.App. 3 Cir. 3/5/03), 844 So.2d 100, *writs denied*, 03-1457, 03-1569, 03-1471 (La. 11/21/03), 860 So.2d 543.

[2]*Hayes v. Parish of Orleans*, 98-2388 (La.App. 4 Cir. 6/16/99), 737 So.2d 959.

1

presiding officer in the same capacity as a judge in this state."

Under Louisiana law, the judicial immunity doctrine protects judges from being cast with damages for their errors unless they acted outside their jurisdictions.[3] Even then, the judge enjoys protection unless his actions were based on malice or corruption.[4] Therefore, for Mr. Corley to allege a cause of action against Mayor Jordan he must allege facts which show not only malice or corruption, but that Mayor Jordan was acting beyond his jurisdiction.[5]

Mr. Corley's petition states, in pertinent part:

> Petitioner would aver that he was unlawfully arrested on August 9, 1997, and charged by the Village of Florien with the charge of Receiving Stolen Goods.
>
> The defendant, Mayor, Rodney Jordan was repeatedly requested to dismiss this bogus charge and despite repeated efforts and demands, Rodney Jordan, acting in his capacity as the Mayor of the Village of Florien, continued to press these charges and acted as Judge and Prosecutor in the City Court of Florien.
>
> The Mayor, Rodney Jordan, acted with malice and severely and permanently damaged the reputation of the petitioner, Alan Corley.
>
> . . . .
>
> The petitioner avers that the Mayor of the Village of Florien has abused his power as an elected, political official and under the doctrine of respondeat superior, the Village of Florien and the insurer of the Village of Florien, Louisiana Municipal Association, Self Insurance Fund is responsible in damages to Alan Corley.

A review of Mr. Corley's petition reveals that he has not alleged that Mayor Jordan acted outside his jurisdiction. Moreover, even assuming Mayor Jordan's prosecutorial actions, rather than his judicial actions, form the basis of his alleged misconduct, he enjoys prosecutorial immunity. Like judicial immunity, prosecutorial immunity extends to conduct within the course and scope of prosecutorial functions

---

[3]*Moore v. Taylor*, 541 So.2d 378 (La.App. 1 Cir. 1989).

[4]*Id.*

[5]*Id.*

2

regardless of malice or bad faith.[6] Louisiana Revised Statute 33:441 entrusts the Mayor with both judicial and prosecutorial powers. It provides in pertinent part that "[t]he mayor may *try* all breaches of . . . ordinances and impose fines or imprisonment, or both, provided for the infraction thereof." (Emphasis added.) Accordingly, the Mayor does not have to appoint a separate prosecutor but may try the case himself.[7] Thus, Mayor Jordan was not acting outside his jurisdiction in acting as prosecutor and judge. Mr. Corley has specified no conduct in his petition which would be neither a prosecutorial function nor a judicial function.

## CONCLUSION

Mr. Corley's petition does not allege that Mayor Jordan acted outside his jurisdiction, and therefore fails to state a cause of action against him. Consequently, the petition does not state a cause of action against the Village of Florien for the Mayor's actions under the theory of *respondeat superior.* Thus, we affirm the trial court's judgment and cast all costs of this appeal on Mr. Corley.

**AFFIRMED.**

---

[6] *Knapper v. Connick*, 96-0434 (La. 10/15/96), 681 So.2d 944.

[7] *See* Op.Atty.Gen., No. 93-541, Sept. 14, 1993.

3

NUMBER 04-853

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

ALAN CORLEY

VERSUS

VILLAGE OF FLORIEN AND MAYOR RODNEY JORDAN

AMY, J., concurring in the result.

In my opinion, an affirmation of the trial court is appropriate. However, I reach this result solely by reference to La.R.S. 33:441. The first portion of the statute, Sections A and B, sets forth the powers of the mayor's court. The final portion of the statute, La.R.S. 33:441(C)(2), provides a presiding officer of a mayor's court with judicial immunity for "official acts as presiding officer in the same capacity as a judge in this state." It is my opinion that Section C of La.R.S. 33:441 encompasses all of the duties attendant to that position. Accordingly, I find the matter resolved by reference to this statute alone.

I respectfully concur in the result reached by the majority.