976 So.2d 757 (2008)
STATE of Louisiana
v.
Ty ADAMS.
No. 2007-KA-0977.
Court of Appeal of Louisiana, Fourth Circuit.
January 23, 2008.
*758 Eddie J. Jordan, Jr., District Attorney, Alyson Graugnard, Assistant District Attorney, New Orleans, LA, for Appellee.
Laura Pavy, Louisiana Appellate Project, New Orleans, LA, for Appellant.
Court composed of Judge JAMES F. McKAY III, Judge MICHAEL E. KIRBY, Judge MAX N. TOBIAS JR.
MICHAEL E. KIRBY, Judge.
STATEMENT OF CASE
On August 24, 2005, appellant, Ty Adams, was charged by bill of information with possession of crack cocaine. He entered a not guilty plea on September 29, 2006, and on February 16, 2007, the district court found probable cause and denied the motion to suppress the evidence. Following a jury trial on June 19, 2007, appellant was found guilty of attempted possession of cocaine. After waiving delays, the district court sentenced him to a thirty-month suspended sentence at hard labor. Appellant was placed on thirty months of active probation with several conditions. His motion to reconsider sentence was denied; the motion for appeal was granted.
STATEMENT OF FACT
On the evening of May 25, 2006, Officers Carter and Ogden were on proactive patrol in a marked police vehicle in the 1900 block of Seventh Street. In front of an abandoned house they observed appellant, who appeared to be urinating. When appellant saw the police vehicle, he began shuffling with his pants, and he ducked behind some bushes. At that point, the officers elected to conduct a stop; they exited the vehicle and instructed appellant to reveal himself. The officers did not draw their weapons. After a second instruction to reveal himself, appellant complied, and he was instructed to come towards the police vehicle. When he began exiting the yard, the officers met him. The officers detected the smell of urine and observed a wet spot on the pavement. Appellant told the officers that he was only urinating. Officer Ogden then arrested appellant for lewd conduct, placed handcuffs on him, and advised him of his rights.
Appellant was taken to the police vehicle, and he leaned his right side against the vehicle. Officer Ogden asked him to step away from the vehicle so that a search incident to his arrest could be conducted. When he stepped away from the vehicle, both officers observed a bulge in his right, front pants pocket. Officer Ogden retrieved from the right pocket a plastic bag containing several individually wrapped pieces of what appeared to be crack cocaine. The officer also found $445.00 in his left, front pocket. Appellant was then advised that he was also being arrested on a narcotics violation. After securing appellant, Officer Ogden looked around the abandoned house to see whether anyone else was present. No one else was there.
The cocaine and currency were admitted into evidence. The defense accepted the state's stipulation that the substance removed from appellant's right pocket tested positive for cocaine.
Appellant testified that he experienced a flat on his rental car that night. A family friend, Jeffery Gardner, was changing the flat when the police pulled up and exited the police vehicle with their weapons *759 drawn. The officers called him to the vehicle, and appellant complied, placing his hands upon the vehicle; he testified that he never leaned against the vehicle. The officers recovered from his pockets $445.00, keys, and a cell phone, but no drugs. Mr. Gardner remained on the scene the entire time, but he did not intervene.
Appellant testified further that he was not arrested until after Officer Ogden looked around the abandoned house and whispered something in his partner's ear. He was then taken to the Sixth District Police Station. Once in a small room at the station, the officers removed a scale from the closet and placed some crack on the scale. It was then that appellant learned why he was being arrested. He testified that he was employed at the time of his arrest.
In rebuttal, the state called Officer Ogden back to the stand. He testified that no one was with appellant the night he was arrested. The officer did not recall any car with a flat tire or that was broken down.
ERRORS PATENT/ASSIGNMENT OF ERROR NUMBER 2
None.
ASSIGNMENT OF ERROR NUMBER 1
By this assignment of error, appellant asserts that the trial judge abused his discretion when he failed to grant a mistrial under La.C.Cr.P. art. 771 after Officer Carter implied through his testimony that appellant had a history of arrest warrants.[1]
During cross-examination by defense counsel, the following exchange occurred:
Q. You arrest people for urinating in public instead of giving them a citation?
A. Depending on a history of warrants or 
Q. I didn't ask you that. The question was, do you  in this particular case, you decided not to give a citation, but just arrest him.
A. Well, my partner had placed him under arrest due to the fact that he didn't have any ID on him. Like I say, coupled with the fact of having a history of warrants.
Following this exchange, a discussion occurred in the judge's chambers in which defense counsel moved for a mistrial because there was no mention of a history of arrest warrants in the police report and because the officer's testimony made appellant look like an evildoer. Instead of *760 granting counsel's motion, the court chose to see whether the error could be cured by rehabilitating the witness, reserving defense counsel's right to raise the issue again.
After the defense concluded its cross-examination of Officer Carter, the state asked whether appellant's lewd conduct of urinating in public was an arrestable offense, and the officer replied affirmatively. Counsel renewed his motion for mistrial. After a discussion in chambers, the judge denied the motion, noting that the officer's testimony was elicited by the defense during cross-examination, and it was responsive to the line of questioning in progress at the time. Defense counsel noted his objection; he did not request an admonition.
Except under certain statutory or jurisprudential exceptions, evidence of other crimes or bad acts committed by the defendant is inadmissible at trial. La. C.E. art. 404(B)(1). In State v. Sartain, 98-0378 (La.App. 4 Cir. 12/1/99), 746 So.2d 837, 845, this court reviewed the relevant jurisprudence as follows:
When a witness refers directly or indirectly to another crime committed or alleged to have been committed by the defendant, as to which evidence is not admissible, the defendant's remedy is a request for an admonition or a mistrial pursuant to LSA-C.Cr.P. art. 771. The remark or comment must constitute an unambiguous reference to other crimes. State v. Lewis, 95-0769, p. 7 (La.App. 4 Cir. 1/10/97), 687 So.2d 1056, 1060, writ denied, 97-0328 (La.6/30/97), 696 So.2d 1004. On request, the trial court shall admonish the jury to disregard such remark or comment. La.C.Cr.P. art. 771. Upon motion of the defendant, the court may grant a mistrial if it is satisfied that an admonition is not sufficient to assure the defendant of a fair trial. Id. The granting of a mistrial under La.C.Cr.P. art. 771 is at the discretion of the trial court and should be granted only where the prejudicial remarks of the witness make it impossible for the defendant to obtain a fair trial. State v. Smith, 418 So.2d 515, 522 (La.1982); State v. Allen, 94-1895, p. 9 (La.App. 4 Cir. 9/15/95), 661 So.2d 1078, 1085, writs denied, 95-2557, 95-2475, (La.2/2/96), 666 So.2d 1087. Mistrial is a drastic remedy that is only authorized where substantial prejudice will otherwise result to the defendant. Id. The determination of whether prejudice has resulted lies within the sound discretion of the trial court. State v. Banks, 96-2227, p. 2 (La.4/18/97), 692 So.2d 1051, 1053. A trial court's ruling on whether or not to grant a mistrial because of comments by a police officer referring to other crimes evidence should not be disturbed absent a clear abuse of discretion. State v. Nicholson, 96-2110, p. 13 (La.App. 4 Cir. 11/26/97), 703 So.2d 173, 180, writ denied, 98-0014 (La.5/1/98), 805 So.2d 200; State v. Manuel, 94-0087, 94-0088, p. 4 (La.App. 4 Cir. 11/30/94), 646 So.2d 489, 491. "Errors are harmless unless the reviewing court is thoroughly convinced that the remarks inflamed the jury and contributed to the verdict." State v. Nicholson, supra, citing State v. Byrne, 483 So.2d 564 (La.1986), cert. denied, Byrne v. Louisiana, 479 U.S. 871, 107 S.Ct. 243, 93 L.Ed.2d 168 (1986).
Id. at pp. 10-11, 746 So.2d 845-846.
Here, we cannot say that Officer Carter's testimony was an unambiguous reference to other crimes is certainly arguable. The reference was an isolated event, and as the trial court noted, the officer's testimony was responsive to questions asked by defense counsel. Also, the answers given by the officer do not show that he *761 intended to prejudice appellant, and it was later established that appellant could be arrested based solely on his lewd actions. Thus, the district court did not abuse its discretion by denying the motion for mistrial. Again, counsel did not seek an admonition. Furthermore, even assuming the trial court erred in denying the motion for mistrial, in light of the strength of the state's straightforward case, we find the verdict was clearly unattributable to the error. This assignment of error lacks merit.
CONCLUSION
For the above and foregoing reasons we affirm appellant's conviction and sentence.
AFFIRMED.
NOTES
[1] La.C.Cr.P. art. 771 provides in pertinent part:

In the following cases, upon the request of the defendant or the state, the court shall promptly admonish the jury to disregard a remark or comment made during the trial, or in argument within the hearing of the jury, when the remark is irrelevant or immaterial and of such a nature that it might create prejudice against the defendant, or the state, in the mind of the jury: * * *
(2) When the remark or comment is made by a witness or person other than the judge, district attorney, or a court official, regardless of whether the remark or comment is within the scope of Article 770.
In such cases, on motion of the defendant, the court may grant a mistrial if it is satisfied that an admonition is not sufficient to assure the defendant a fair trial.
Additionally, La.C.Cr.P. art. 770 mandates a mistrial upon motion of a defendant, "when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to . . . [a]nother crime committed or alleged to have been committed by the defendant as to which evidence is inadmissible[.]" However, a police officer is not a "court official" under Article 770. State v. Harper, 430 So.2d 627 (La. 1983); State v. Torres, 580 So.2d 1064 (La. App. 4 Cir.1991) and article 771 rather than article 770 applies.