JOY COSSICH LOBRANO, Judge.
| defendant, Travis Alexis, was charged by a bill of information with the armed robbery of a high school student. Following a bench trial, the trial court found defendant guilty as charged and sentenced him to serve ten years at hard labor. Defendant appealed.[1] '
On January 28, 2011, Detective Brandon Ludwig (Det. Ludwig), a member of the New Orleans Police Department’s Fourth District investigative unit, was sent to investigate an armed robbery that had occurred behind L.B. Landry High School. Through his investigation, Det. Ludwig learned that the victim, a L.B. Landry ninth grade student, was attending a basketball game on the night he was robbed. He had gone behind the school when he was approached by three individuals. The victim recognized one of the three, Ta-maine Pitts, as a fellow Landry student and was able to identify him in a photographic line up. Pitts subsequently identified defendant as a participant in the robbery. The third individual was never identified.
|2The victim stated that defendant, Pitts and the unidentified perpetrator approached him and told him to walk with them. As they walked, the unidentified perpetrator struck the victim in the face and .defendant put a gun to his chest. The perpetrators ordered the victim to surrender his cell phone, boots and money. Following the robbery, the three perpetrators ran away. The victim returned to the school and called the police.
Counsel for defendant has requested only a review of the record for errors patent. Counsel complied with the procedures outlined by Anders v. California, 386 U.S. 738, 87 S.Ct. 1396,18 L.Ed.2d 493 (1967), as interpreted by this Court in State v. Benjamin, 573 So.2d 528 (La.App. 4 Cir.1990). Counsel filed a brief complying with State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241. Counsel’s detailed review of the procedural history of the case and the facts of the case indicate thorough reviews of the record. Counsel moved to withdraw because she believes, after a conscientious review of the record, that there is no non-frivolous issue for appeal. Counsel reviewed the record and found no trial court ruling that arguably supports the appeal. Copies of counsel’s brief were forwarded to defendant, and this Court informed him of his right to file a brief in his own behalf, which he exercised on May 6, 2014.
As per State v. Benjamin, this Court performed an independent, thorough review of the pleadings, minute entries, and the bill of information in the appeal records. Defendant was properly charged by bill of information with armed robbery, a violation of La. R.S. 14:64. Defendant was present and represented by counsel during' arraignment, trial, and at sentencing. The trial court’s verdict of guilty as charged of armed robbery is legal in all respects. Furthermore, a review |sof the trial transcript shows that the State provided sufficient evidence to prove beyond a reason *777 able doubt that defendant was guilty of armed robbery.
However, the review of the record for errors patent does reveal an error in defendant’s sentence for armed robbery. A person convicted of armed robbery shall be imprisoned at hard labor for not less than ten years and not more than ninety-nine years, without benefit of parole, probation or suspension of sentence. La. R.S. 14:64 (B).
In the instant case, the trial court failed to deny defendant benefits on his armed robbery conviction. Accordingly, defendant’s sentence is illegally lenient. However, in instances where the statutory restrictions were not recited at sentencing, they are contained in the sentence, whether or not imposed by the sentencing court. La. R.S. 15:301.1(A); State v. Hall, 2002-1098 (La.App. 4 Cir. 3/19/03), 843 So.2d 488.
In a pro se assignment of error, defendant contends there was insufficient evidence to support his conviction because the State presented no physical evidence of anything of value being taken, and he was wrongfully identified. Defendant was convicted of armed robbery. “Armed robbery is the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon.” La. R.S. 14:64
The victim testified at trial as follows:
Q. So you said you walked behind the school to see the other team and then what happened?
A. I was looking at my phone and I looked up. Everybody was walking to the front and three people were walking toward me. They said, walk with me, so I walked with them. They were just standing |4around. So one of them had hit me and told me to give them my phone and my boots and they put the gun on me.
Q. Okay. Now, the one that hit you, where did he hit you?
A. In my face.
Q. Okay. Then you gave him your phone?
A. Yes, ma’am.
Q. Okay. You said your boots?
A. Yes, ma’am.
Q. And was anybody armed with a weapon? '
A. Yes, ma’am.
Q. Okay. Do you remember what the gun looked like?
A. It was black.
Q. Okay. Where was the gun pointed?
A. My chest.
Q. And how many people were involved in this robbery?
A. It was three of them over there.
Q. And do you see someone in court that was involved in the robbery?
A. Him over there.
Q. Okay. And what was his role in the robbery?
A. He had the gun.
Q. ... I have handed you State’s exhibit 2. Do you recognize what that is that I have handed you?
A. Yes Ma’am
Q. Okay. What is that?
A. ' More pictures.
[[Image here]]
Q. Did you identify anyone in those pictures?
A. Yes Ma’am.
Q. And who was that?
A. This one in the middle.
Q. Who was that individual?
A. Over there.
*778 IsQ. And what did he do in the robbery?
A. He had the gun.
When questioned by defense counsel, the victim stated that he was certain the defendant was the one with the gun and that he was not promised anything in return for his testimony.
Det. Ludwig testified that when presented with the photographic line-up, the victim immediately identified the defendant as the subject who was armed with the handgun during the robbery. Det. Ludwig also testified that Pitts positively identified the defendant as being the perpetrator with the gun. In exchange for his testimony, Pitts was promised his case would not be removed from juvenile court.
“ ‘In reviewing the sufficiency of the evidence to support a conviction, an appellate court in Louisiana is controlled by the standard enunciated by the United States Supreme Court in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) ... [T]he appellate court must determine that the evidence, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime had been proved beyond a reasonable doubt.’” State v. Neal, 00-0674, p. 9 (La.6/29/01) 796 So.2d 649, 657 (quoting State v. Captville, 448 So.2d 676, 678 (La.1984)); see also State v. Magee, 2012-1025, p. 18 (La.App. 4 Cir. 5/22/13), 116 So.3d 948, 959, writ denied, 2013-1396 (La.12/6/13), 129 So.3d 530.
This Court, discussing the standard for evaluating a claim of insufficient evidence, stated:
When circumstantial evidence is used to prove the commission of the offense, La. Rev.Stat. 15:438 requires that “assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence.” Neal, 796 So.2d at 657. Ultimately, all evidence, both direct and circumstantial must be sufficient under Jackson | fito prove guilt beyond a reasonable doubt to a rational jury. Id. (citing State v. Rosiere, 488 So.2d 965, 968 (La.1986)). When a key issue at trial is whether the defendant was the perpetrator of the crime, the State is required to negate any reasonable probability of misidentification in order to carry its burden of proof beyond a reasonable doubt. State v. Bright, 1998-0398 (La.4/11/00), 776 So.2d 1134, 1147. The fact-finder weighs the respective credibilities of the witnesses, and a reviewing court will generally not second-guess those determinations. State ex rel. Graffagnino v. King, 436 So.2d 559 (La.1983). However, the touchstone of Jackson v. Virginia is rationality and that “irrational decisions to convict will be overturned, rational decisions to convict will be upheld, and the actual fact finder’s discretion will be impinged upon only to the extent necessary to guarantee the fundamental protection of due process of law.” State v. Mussall, 523 So.2d 1305, 1310 (La.1988). The trier of fact makes credibility determinations, and may, within the bounds of rationality, accept or reject the testimony of any witnesses, State v. Hampton, 98-0331 (La.4/23/99), 750 So.2d 867, 880, and we have repeatedly held that a factfinder’s credibility decision should not be disturbed unless it is clearly contrary to the evidence. State v. Huckabay, 2000-1082 (La.App. 4 Cir. 2/6/02), 809 So.2d 1093; State v. Harris, 99-3147 (La.App. 4 Cir. 5/31/00), 765 So.2d 432.
State v. Wilson, 2009-0304, p. 2-3 (La.App. 4 Cir. 2/17/10), 68 So.3d 1031,1033.
Defendant contends that the evidence reflects that he did not take any *779 thing of value from the victim. However, the testimony of Pitts substantiates that the victim’s boots and cell phone were taken by the third perpetrator who was not caught. The victim’s testimony also establishes that the third perpetrator took the boots as well as the cell phone. La. R.S. 14:24 states:
All persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime, are principals.
The testimony at trial shows that defendant directly committed an act constituting the offense of armed robbery by pointing a gun at the victim’s chest while the other perpetrator took the boots and phone from the victim.
|7In determining from the totality of the circumstances whether an identification created a substantial likelihood of mis-identification, this Court in State v. Santos-Castro, 2012-0568 (La.App. 4 Cir. 7/31/13), 120 So.3d 933 applied the factors enunciated in Manson v. Brathwaite, 432 U.S. 98, 116, 97 S.Ct. 2243, 2254, 53 L.Ed.2d 140 (1977). The five factors include: 1) the witness’s opportunity to view the criminal at the time of the crime; 2) the witness’s degree of attention; 3) the accuracy of his prior description of the criminal; 4) the level of certainty demonstrated at the confrontation; and 5) the time between the crime and the confrontation. Manson, 432 U.S. at 114-15, 97 S.Ct. at 2254.
Considering the Manson factors, and viewing all the evidence in a light most favorable to the prosecution, any rational trier of fact could have found beyond a reasonable doubt that the state negated any reasonable probability of misidentification of defendant. The victim had ample opportunity to view the defendant as he pointed a gun at his chest; was able to provide an accurate description of the perpetrators; identified defendant in a photographic line up and in court; and stated he was certain of the identification. Pitts also identified defendant in a photographic line up and in court. Both photographic line ups occurred within days of the crime. Furthermore, Pitts stated that he grew up with defendant.
Thus, there was sufficient evidence to negate any possibility of misidentification, and the evidence presented at trial supports the finding that defendant was the person who robbed the victim. The trial court’s findings regarding credibility were not contrary to the evidence presented at trial. This assignment of error is without merit.
^Accordingly, for the reasons stated above, defendant’s conviction and sentence are affirmed. Counsel’s motion to withdraw is granted.
AFFIRMED; MOTION TO WITHDRAW GRANTED

. On October 22, 2013, defendant filed an application for writs seeking an out-of-time appeal which was transferred to the trial court for its consideration in State v. Alexis, unpub., 2013-1444 (La.App. 4 Cir. 1/05/13). The trial court granted defendant an out-of-time appeal on November 12, 2013.