STATE OF LOUISIANA      *      NO. 2022-KA-0757

VERSUS      *

ALEXANDER D. KIRBY      *      COURT OF APPEAL

     FOURTH CIRCUIT

     * 

     STATE OF LOUISIANA

* * * * * * *

APPEAL FROM
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 546-713, SECTION "SECTION E"
Judge Rhonda Goode-Douglas,
* * * * * *
**Judge Daniel L. Dysart**
* * * * * *

(Court composed of Judge Daniel L. Dysart, Judge Rachael D. Johnson, Judge Karen K. Herman)

Jason R. Williams, District Attorney
Brad Scott, Chief of Appeals
Thomas Frederick, Assistant District Attorney
ORLEANS PARISH DISTRICT ATTORNEY'S OFFICE
619 South White Street
New Orleans, LA 70119

     COUNSEL FOR STATE OF LOUISIANA/APPELLEE

Sherry Watters
LOUISIANA APPELLATE PROJECT
P. O. Box 58769
New Orleans, LA 70158

     COUNSEL FOR DEFENDANT/APPELLANT

         VERDICT AFFIRMED
         SENTENCE AFFIRMED

         **APRIL 26, 2023**

*DLD*
*RDJ*
*KKH*

This is an appeal of a jury's July 20, 2022 verdict which found Defendant/Appellant, Alexander D. Kirby (hereinafter "Kirby"), guilty of aggravated battery as a responsive verdict to the charge of attempted second degree murder as well as the trial court's August 25, 2022 imposition of the maximum ten-year sentence at hard labor in relation to the guilty verdict. After review, we affirm the jury's guilty verdict and the trial court's imposition of a ten-year sentence.

## BACKGROUND

On May 16, 2019, Kirby entered the Clover Grill, located on Bourbon Street in New Orleans, with a concealed handgun and sat at the counter. Testimony as well as a video of the event captured by Clover Grill surveillance cameras revealed that after a brief verbal confrontation with Dylan Pennington (hereinafter "Pennington"), a Clover Grill employee and acquaintance of Kirby, Kirby followed Pennington outside to the Clover Grill courtyard. Shae de St. Germain had been sitting in the courtyard when Kirby and Pennington entered. As the verbal confrontation between Kirby and Pennington intensified, Kirby brandished his handgun, aimed it at Pennington, and shoved Pennington multiple times.

1

Pennington attempted to dislodge the weapon from Kirby's grasp and during the ensuing scuffle the firearm discharged, the bullet striking Ms. de St. Germain, and she succumbed to the injury shortly thereafter.

Kirby was indicted by a grand jury as follows: one count of second degree murder of de St. Germain in violation of La. R.S. 14:30.1; one count of attempted second degree murder of Pennington in violation of La. R.S. 14:27 and La. R.S. 14:30.1; one count of second degree kidnapping in violation of La. R.S. 14:44.1; and one count of carrying a concealed weapon (to wit, a firearm) while committing a crime of violence in violation of La. R.S. 14:95(B)(2). Count four, carrying a concealed weapon while committing a crime of violence, was amended on August 29, 2019, to delete the firearm reference. On September 5, 2019, Kirby pled not guilty to the charges lodged against him. Count three, the second degree kidnapping charge, was dismissed on July 18, 2022.

A jury trial commenced on July 19, 2022, and on July 20, 2022, the jury reached verdicts of not guilty as to the charge of second degree murder of Ms. de St. Germain and not guilty as to the charge of illegal carrying of a weapon used in the commission of a crime of violence. As to the charge of attempted second degree murder of Pennington, the jury found Kirby guilty of the responsive verdict of aggravated battery. On August 25, 2022, the trial court denied Kirby's motion for new trial as well as Kirby's motion for post-verdict judgment of acquittal. Kirby received the maximum sentence of ten-years at hard labor.[1] No objection was lodged as to the sentence at that time. However, Kirby timely appealed both the jury's responsive verdict and the imposition of the ten-year sentence.

---

[1] Though the trial court did not observe the twenty-four-hour sentencing delay required by La. C.Cr.P. art. 873, Kirby affectively waived said delay by stating, "We're ready to proceed with sentencing." *See State v. Kisack,* 2016-0797, p. 7 (La. 10/18/17), 236 So.3d 1201, 1205.

2

**ERRORS PATENT**

We find no errors patent.

**STANDARD OF REVIEW**

Appellate courts abide by the *Jackson* standard when reviewing the sufficiency of evidence used to support a conviction. *See Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). "The principal criteria of a *Jackson* review is rationality." *State v. Dukes,* 2019-0172, p. 7 (La. App. 4 Cir. 10/2/19), 281 So.3d 745, 753; *citing State v. Mussall*, 523 So.2d 1305, 1310 (La. 1988). Further, the *Jackson* standard applies to both direct and circumstantial evidence. *Id*. at p.8, 752. Under this standard, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. 307 at 319. Accordingly, "irrational decisions to convict will be overturned, rational decisions to convict will be upheld, and the actual fact finder's discretion will be impinged upon only to the extent necessary to guarantee the fundamental protection of due process of law." *State v. Alexis*, 2014-0327, p. 6 (La. App. 4 Cir. 12/3/14), 157 So.3d 775, 778, quoting *State v. Wilson*, 2009-0304, p. 3 (La. App. 4 Cir. 2/17/10), 68 So.3d 1031, 1033 (internal citations omitted).

**DISCUSSION**

Kirby alleges the following four (4) assignments of error:

1. The trial court erred by denying Kirby's motion for post-verdict judgment of acquittal because the State failed to prove the charged offense of attempted second degree murder of Pennington as well as the responsive verdict of aggravated battery;

3

2. The trial court erred by denying Kirby's Sixth Amendment right to confront his accuser, Pennington, as the State failed to call Pennington to testify at trial;

3. The trial court erred in allowing the State to comment twice on Kirby's failure to make a statement or present a defense, thereby violating Kirby's Fifth Amendment constitutional rights; and

4. The trial court erred in imposing the maximum sentence insofar as it is constitutionally excessive for a first-time offender.

***Assignment of Error No. 1 – Sufficiency of Evidence***

Kirby alleges that the State presented insufficient evidence to prove that Kirby committed either attempted second degree murder or the responsive verdict of aggravated battery against Pennington. The jury clearly agreed with Kirby that the elements of attempted second degree murder were not sufficiently proven by the State, as was demonstrated by the jury's acquittal of Kirby on that charge and the returned guilty verdict of the lesser crime of aggravated battery. As such, we turn to whether the evidence was sufficient to convict Kirby of aggravated battery.

"Battery is the intentional use of force or violence upon the person of another," and "[a]ggravated battery is a battery committed with a dangerous weapon." La. R.S. 14:33; La. R.S. 14:34. Aggravated battery is designated as a responsive verdict to attempted second degree murder. *See* La. C.Cr.P. art. 814(A)(4). Here, Kirby argues that the jury's verdict of guilty of aggravated battery is non-responsive to the charge of attempted second degree murder because there was no evidence that Kirby used a weapon to make contact or inflict a battery upon Pennington. While this Court agrees that Kirby never actually struck

4

Pennington with the pistol itself or with a bullet therefrom, we disagree with Kirby's interpretation of the statute.

Kirby argues that a conviction of aggravated battery requires actual physical contact between the victim and the dangerous weapon itself. We do not agree. In *State v. Hawkins*, 93-1260, 631 So.2d 1288 (La. App. 4 Cir. 1/27/94), *writ denied,* 640 So.2d 1341 (La. 6/24/94), this Court reversed defendant's conviction of attempted second degree murder, finding that where there was evidence that defendant grabbed the victim by the shirt, pulled a gun, and threatened to kill the victim, defendant did not commit attempted second degree murder. Instead, the evidence in *Hawkins* was sufficient to prove that defendant was guilty of the lesser, responsive verdict of aggravated battery because defendant's actions "constitute[d] the use of force or violence with a dangerous weapon upon the person of another." *Id*. at 1291. In *State v. Howard*, 94-0023 (La. 6/3/94), 638 So.2d 216 (per curiam), the Louisiana Supreme Court concluded that "[a]ny rational factfinder could have determined…that the defendant had intentionally used force or violence against the victim with a dangerous weapon when [defendant] took his gun in hand, grabbed [the victim] by her shoulders, and attempted to pull her out of the [the vehicle]." Thus, aggravated battery does not require physical contact be made with the dangerous weapon itself; rather, aggravated battery occurs when an offender exerts physical force or violence upon a victim *by any means* while also employing a dangerous weapon.

Here, video evidence in the record depicts Kirby aggressively shoving Pennington while simultaneously aiming his weapon at Pennington. Though Kirby neither pistol-whipped nor shot at Pennington during this altercation, he nonetheless exerted physical force or violence upon the person of Pennington

5

while continuously shoving and aiming the pistol at Pennington. Any rational factfinder could have determined that the evidence here sufficiently proved each element required to convict Kirby of aggravated battery. As such, we find that Kirby's first assignment of error is without merit.

***Assignment of Error No. 2 – Right of Confrontation***

Kirby contends that his Sixth Amendment right to confront his accuser was violated when Pennington did not testify at trial. It is axiomatic that the State "has entire charge and control of every criminal prosecution instituted or pending in his district, and determines whom, when, and how he shall prosecute." La. C.Cr.P. art. 61. This discretion includes authority over the presentation of witnesses. *See Hayes v. Par. of Orleans*, 98-2388 (La. App. 4 Cir. 6/16/99), 737 So.2d 959 (where this Court held that "the summoning of witnesses for trial is incidental to the preparation for trial[,]" which falls within the district attorney's authority to prosecute "whom, when, and how…" he/she so chooses). This assignment of error further lacks merit, as Kirby himself had the opportunity to call Pennington as a witness at trial but failed to do so.

Moreover, this Court has previously held:

Article 841 of the Louisiana Code of Criminal Procedure provides that "[a]n irregularity or error cannot be availed of after verdict unless it was objected to at the time of the occurrence" and requires that the party state the grounds for the objection. *See State v. Richards,* 99–0067, p. 4 (La. 9/17/99); 750 So.2d 940, 942. Moreover, a defendant is limited on appeal to those grounds for the objections which he articulates at trial. *See State v. Brooks,* 98–0693, p. 9 (La. App. 4 Cir. 7/21/99); 758 So.2d 814, 819. There are two purposes behind La. C.Cr.P. art. 841(A)'s contemporaneous objection rule: 1) to put the trial court on notice of the alleged irregularity or error, so that the court can cure the error; and 2) to prevent a party from gambling for a favorable outcome and then appealing on errors that could have been addressed by an objection if the outcome is not as hoped. *See State v. Lanclos,* 07–0082, p. 6 (La. 4/8/08), 980 So.2d 643, 648.

6

*State v. Armstead*, 2014-0036, p. 18, (La. App. 4 Cir. 1/28/15) 159 So.3d at 515–16. *See also State v. Ciravola,* 2015-0032 (La. App. 1 Cir. 8/5/15), --- So.3d ---, 2015 WL 4657546 at *10, *writ denied,* 2015-1604 (La. 9/6/17), 226 So.3d 434 (citations omitted). The record reflects that Kirby failed to lodge any objections to Pennington's absence at trial. As such, this assignment of error not only lacks merit, but Kirby is also statutorily precluded from raising it on appeal. *See* La. C.Cr.P. art. 841(A).

***Assignment of Error No. 3 – Right Against Self-Incrimination***

Kirby's third assignment of error focuses on two comments made by the prosecutor during trial. First, during opening statements, the prosecutor stated to the jury "we are here today because the defendant, Alexander Kirby, will not own up to the actions…." Kirby objected to that statement and the court sustained said objection. Kirby then avers that while examining Sergeant Harrelson, the Officer who conducted witness interviews in relation to the incident, the prosecutor elicited a second prejudicial statement. To wit, Kirby takes issue with the following colloquy:

> Q. Who did you – or what did you learn as a result of those witness interviews?
> A. I spoke with the 911 caller, who gave – told us what he saw when he called it in. I also spoke with Mr. Fowler, who was working that night…. I attempted to speak with the defendant. But he invoked his right to remain silent.

Kirby then moved for a mistrial based on both statements, which was denied, with the trial court opting instead to admonish the jury that Kirby invoking his right not to provide a statement to Sergeant Harrelson should not in any way be taken "as any sort of indication of [Kirby's] guilt in this particular case."

7

La. C.Cr.P. art. 770 governs prejudicial remarks as the basis for mistrial as follows:

> Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
> (3) The failure of the defendant to testify in his own defense.

La. C.Cr.P. art. 770(3). "However, when the reference is indirect, it constitutes reversible error only when the prosecutor intended to emphasize the defendant's failure to testify." *State v. Gatch,* 27,701, p. 6 (La. App. 2 Cir. 2/28/96), 669 So.2d 676, 680, *writ denied,* 96-0810 (La. 9/20/96), 679 So.2d 429 (citing *State v. Jackson,* 454 So.2d 116 (La. 1984)); *see also* La. C.Cr.P. art. 771. The standard for overturning a trial court's judgment granting or denying a motion for mistrial is clear abuse of discretion. *See State v. Adams,* 2007-0977, p. 5 (La. App. 4 Cir. 1/23/08), 976 So.2d 757, 760.

Here, the prosecutor's remark during opening statements indirectly referred to Kirby's failure to acknowledge his role in the death of Ms. de St. Germain. The record in no way indicates an attempt to emphasize Kirby's decision to forego his right to testify. Rather, the prosecutor's statement alluded to a fact expected to be proven by the evidence presented at trial, such as when Kirby denied responsibility for Ms. de St. Germain's death, repeatedly denied shooting her, blamed Pennington for pulling the trigger, and questioned repeatedly why Pennington had not been handcuffed and arrested – all occurring immediately after Kirby himself had been detained. As such, we find that the prosecutor's remark during opening statements was merely commentary on what was made readily apparent by the evidence – that Kirby was unwilling to admit the role he played in Ms. St Germain's death and the statement was not meant as a denunciation of Kirby's decision not to testify.

8

Kirby also argues that Sergeant Harrelson's reference to Kirby's post-arrest silence should have resulted in a mistrial under the standard espoused in *Doyle v. Ohio,* 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976). The *Doyle* Court held that a defendant's Fourteenth Amendment Due Process right is violated when the State refers to defendant's post-arrest silence for purposes of impeachment. *Id.,* 426 U.S. at 619, 96 S.Ct. at 2245. Moreover, this Court has previously explained that La. C.Cr.P. art. 771 governs references concerning a defendant's post-arrest silence, and that pursuant thereto, "the trial court has the discretion to grant a mistrial or simply admonish the jury…where a prosecutor or a witness makes [such] a reference…." *State v. Braneon,* 2019-0743, p. 13 (La. App. 4 Cir. 2/5/20), 289 So.3d 271, 280, *writ denied,* 2020-00376 (La. 5/26/20), 296 So.3d 1064; *see also* La. C.Cr.P. art. 771; *contrast with* La. C.Cr.P. art. 770(3) (mandating a mistrial if the State comments in front of the jury regarding defendant's failure to testify in his own defense).

Here, the court admonished the jury that Sergeant Harrelson's comments should not be construed "as any sort of indication of [Kirby's] guilt in this particular case." Such an admonishment is statutorily permissible and within the trial court's broad discretion under La. C.Cr.P. art. 771. Further, the court's instruction succinctly explained that Sergeant Harrelson's statement was in no way intended to be an ascription of guilt. The comment was neither elicited by the prosecution; nor was it offered for the purpose of impeaching Kirby. As such, we find that Sergeant Harrelson's remarks on Kirby's post-arrest silence did not warrant a mistrial and that the trial court did not abuse its discretion in denying Kirby's motion.

***Assignment of Error No. 4 – Excessiveness of Sentence***

Kirby argues that his ten-year, maximum sentence for aggravated battery is excessive for a first-time offender and that the court improperly considered impact statements from friends and family of Ms. de St. Germain, even though Kirby had been acquitted of all charges related thereto.

Appellate courts review excessive sentence claims under the abuse of discretion standard. *State v. Alridge,* 2017-0231, p. 39 (La. App. 4 Cir. 5/23/18), 249 So.3d 260, 287-288, *writ denied,* 2018-1046 (La. 1/8/19), 259 So. 3d 1021. Accordingly, reviewing courts must consider whether the imposed sentence is proportionate to the crime, or "whether the penalty is so disproportionate as to shock the court's sense of justice." *State v. Wilson*, 2011-0960, p. 9 (La. App. 4 Cir. 9/5/12), 99 So.3d 1067, 1073 (quoting *State v. Bonnano*, 384 So.2d 355, 358 (La. 1989)).

La. R.S. 14:34(B) states "[w]hoever commits an aggravated battery shall be…imprisoned with or without hard labor for not more than ten years…." La. C.Cr.P. art. 894.1 provides guidelines for the court to consider when determining the severity of a sentence.

Here, the court imposed a ten-year sentence upon Kirby for aggravated battery and cited La. C.Cr.P. art. 894.1(A)(3), finding that a "lesser sentence [would] deprecate the seriousness of the defendant's crime." Considering this, we find that a ten-year sentence is appropriate for the crime committed by Kirby. This Court's sense of justice is not shocked by the trial court's sentence, as Kirby was convicted of an aggravated battery that led directly to the untimely death of Ms. de St. Germain.

10

Kirby further argues that the trial court erroneously considered statements from Ms. de St. Germain's cousin, sister, and two friends at his sentencing hearing, because Kirby had already been acquitted of second degree murder of Ms. de St. Germain. We disagree. This Court has previously held that "[a]s long as there was a preponderance of the evidence against the defendant, the trial court could consider…other offenses in sentencing the defendant[,]" whether said offenses resulted in convictions or acquittals. *State v. Berry,* 630 So.2d 1330, 1334-1336 (La. App. 4th Cir. 12/30/93). Here, a jury acquitted Kirby on the charge of second degree murder of Ms. de St. Germain. However, the trial court did not err in considering impact statements from Ms. de St. Germain's family and friends because a conviction is not a prerequisite for the consideration of other offenses. *Id*. Moreover, the trial court afforded Kirby the opportunity to speak in mitigation of his actions and the impact statements elicited at his sentencing hearing. The trial judge found Kirby's statement unpersuasive, however, noting "again, you [Kirby] started blaming other people." As such, we find that Kirby's final assignment of error is without merit.

## DECREE

Considering the foregoing, we affirm the jury's July 20, 2022 verdict finding Alexander D. Kirby guilty of aggravated battery of Dylan Pennington and we affirm the trial court's ten-year sentence for this conviction.

**VERDICT AFFIRMED**
**SENTENCE AFFIRMED**